Michael HOSEA, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–377–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 29, 1990.

Kirk J. Oncken, Houston, for appellant.

Rowena M. Young, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a probation order and deferment of adjudication of guilt. Appellant was charged with the offense of possession of a controlled substance, namely cocaine, weighing less than twenty-eight grams. Appellant filed a motion to suppress which was overruled by the trial court. Subsequently, appellant entered a plea of guilty and the trial court, in accordance with the recommendation of the prosecutor, withheld a finding of guilt by deferring adjudication and assessed punishment at five years probation and a fine of $200. In his sole point of error, appellant claims the trial court erred in overruling his motion to suppress because evidence was seized after he was illegally detained by law enforcement agents. We dismiss this appeal for want of jurisdiction.

■■■ As a general rule, appellate courts have jurisdiction to review only final convictions. *See generally Glaze v. State*, 675 S.W.2d 768 (Tex.Crim.App.1984). For purposes of appeal, a criminal conviction becomes final when a sentence is imposed. *See Id.*

■■■ In the present case, there is no final conviction because there has been no final adjudication of guilt. *See Ex parte Shillings*, 641 S.W.2d 538 (Tex.Crim.App. 1982). Therefore, this court is without jurisdiction to review appellant's point of error.

If an accused wants to appeal a ruling on a pre-trial motion to suppress evidence, where he has pleaded guilty and the trial court has deferred adjudication of guilt, the accused must move for a final determination of guilt. *See Lassiter v. State*, 672 S.W.2d 632 (Tex.App.—Corpus Christi 1984, no pet.). Until he does so, he has no right to appeal the order deferring adjudication of guilt because the order is not final and, thus, not appealable. *See McDougal v. State*, 610 S.W.2d 509 (Tex. Crim.App.1981). We find no rule in the Texas Rules of Appellate Procedure or article in the Texas Code of Criminal Procedure which provides that an order deferring adjudication of guilt is an appealable order. We disagree with the holding of the court of appeals in *Kite v. State*, 788 S.W.2d 403 (Tex.App.—Houston [1st Dist.] 1990, no pet.). In *Kite*, the court held that a defendant who receives deferred adjudication has a right to appeal under article 44.01(j) of the Texas Code of Criminal Procedure. Article 44.01(j) provides that a "defendant's right to appeal under article 44.02 may be prosecuted where the *punishment assessed* is in accordance with Subsection (a), Section 3d, Article 42.12 of this code...." Tex.Code Crim.Proc.Ann. art. 44.01(j) (Vernon Supp.1991) (emphasis added). Previously, section 3d(a) of article 42.-12 permitted the trial court to defer adjudication of guilt. Article 42.12 was amended and the provisions relating to deferred adjudication are now found in section 5 of article 42.12. We do not construe art. 44.-01(j) as granting a right of appeal from an order deferring adjudication of guilt. The right to appeal in such cases exists only where punishment has been assessed. However, the punishment is not "assessed" in deferred adjudication unless and until the trial court assesses punishment in response to a subsequent motion to adjudicate. Therefore, we hold that we have no jurisdiction over this appeal.

■■■ Further, even assuming appellant could appeal from an order deferring adjudication of guilt, we find that appellant's notice of appeal is defective. The notice does not state that the trial court granted permission to appeal nor does the notice specify that the matters complained of were raised by written motion and ruled on

before trial. *See* TEX.R.APP.P. 40(b)(1). Therefore, appellant has waived any nonjurisdictional defects that occurred prior to entry of the plea. *See Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990). Since appellant's sole point of error presents a nonjurisdictional defect for review, appellant has waived this point of error.

Accordingly, we dismiss this appeal for want of jurisdiction.