**Omar Mendoza AYALA a/k/a Omar Ayala Mendoza**

v.

**The STATE of Texas.**

**No. 09–92–053 CR.**

Court of Appeals of Texas, Beaumont.

Oct. 7, 1992.

Thomas R. Rodriquez, Frumencio Reyes, Jr., Houston, for appellant.

Tom Maness, Dist. Atty., John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

WALKER, Chief Justice.

On March 10, 1992, appellant was convicted of the felony offense of Murder pursuant to a plea of guilty. The statement of facts of the plea proceeding reflects that appellant was fully admonished under the auspices of Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon 1989 & Vernon Supp.1992). The statement of facts further reflects that

appellant's counsel verbally requested permission to appeal the trial court's pretrial ruling which denied appellant's motion to suppress. The trial court gave verbal permission for appellant to appeal said ruling. Appellant's sole point of error before this court is presented as follows:

The 252nd State Criminal District Court erred by denying defendant's motion to

suppress his illegal arrest and any evidence obtained from such arrest. Therefore, violating appellant's right of due process of law under Article I, section 19 of the Texas Constitution and under the Fifth Amendment of the Constitution of the United States.

Appellant's brief states that the plea of guilty complied with TEX.CODE CRIM.PROC. ANN. art. 1.15 (Vernon Supp.1992), and that the plea bargain entered into between appellant and the State was followed by the trial court.

The State contends that appellant's point of error is not entitled to review because appellant's written notice of appeal does not comply with the mandatory requirements set out in TEX.R.APP.P. 40(b)(1).[1] We agree with the State and affirm appellant's conviction.

In *Jones v. State,* 796 S.W.2d 183 (Tex. Crim.App.1990), the Court of Criminal Appeals was presented a very similar situation. The Court in *Jones* discussed the scope of Rule 40(b)(1). It began by saying that the rule is not one of jurisdiction but one of restriction. The Court explained this as follows:

It [the rule] regulates the extent of the grounds upon which a defendant can appeal. The method of regulation is the

nature of the notice filed by a defendant. If he wishes to appeal a matter which is nonjurisdictional in nature or occurred prior to the entry of his plea, then he must conform to the requirements of the statute and include within his notice what the grounds of appeal are and the fact that he has received the permission of the trial court to appeal those matters.

*Jones, supra* at 186.

In the instant case, the transcript reflects two written instruments designated "Notice of Appeal." One of these is a typewritten "form" notice with blank spaces provided for filling in the appropriate information. This form does not provide any blank spaces for information regarding the grounds for appeal nor for information regarding the fact that the trial court has given its permission for the appeal, and said information was not provided by appellant anywhere on the form. The same document was filed with our clerk on March 12, 1992. The second written instrument appears to be handwritten on a legal pad. The body of the instrument provides, "Comes Now, Omar Ayala, Defendant and gives notice of appeal on his motion to suppess (sic) evidence only. March 9 & 10, 1992." This instrument is signed by appellant's two trial counsels and was filed with the district clerk on March 10, 1992. Again, the handwritten instrument does not include the mandatory language contained in Rule 40(b)(1).

As the *Jones* Court held that the Austin Court of Appeals should not have entertained Jones' appeal of a nonjurisdictional matter, we, too, will hold that appellant has failed to properly perfect his appeal to our Court and, as such, has presented this

---

1. TEX.R.APP.P. 40(b)(1) sets out that:

"Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order, but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prose-

cute an appeal for an nonjurisdictional defect or error that occurred prior to entry of the plea *the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion* and ruled on before trial." (emphasis ours)

In the instant case, appellant's pretrial motion raised a nonjurisdictional complaint, to-wit, a motion to suppress evidence obtained as a result of an illegal arrest and search of appellant.

Court with nothing for review. The judgment and sentence of the trial court are affirmed.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

TEX.R.APP.P. 40(b)(1) in the governing, paramount text provides: "the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial." The rule is written in the disjunctive using the significant word "or". Appellant's timely notice of appeal specifically sets out that his appeal is based on his motion to suppress evidence only. The notice of appeal requirement is satisfied. The trial court also granted permission for the appeal. The record is distinguishable from *Jones v. State,* 796 S.W.2d 183 (Tex.Crim.App.1990). In *Jones* the language was simply:

> "Now comes R.J.G., attorney for Gene Autry Jones and hereby gives notice of appeal in the above case. Defendant requests the Court order a transcript of this proceeding, as defendant is too poor to pay for said transcript."

In *Jones* the notice of appeal was broad, unrestricted and general. Appellant's notice of appeal is meaningfully and crucially different. The State concedes that the hearing on the motion to suppress evidence was conducted before appellant entered his plea of guilty. The guilty plea was based on a plea bargain which was honored by the trial court. The record unquestionably contains a written motion to suppress evidence. In appellant's notice of appeal he specifically refers to his motion to suppress evidence in those exact words.

As I understand the record in a very realistic sense, the trial court gave the appellant permission to appeal twice.

> THE COURT: So he has permission to appeal. I don't think I have to give him permission.
>
> [PROSECUTING ATTORNEY]: He [appellant] did not agree to waive his

appeal. I think it is up to the Court as to whether or not at this point in time, whether he can appeal.

Then the record reflects that the prosecuting attorney affirmatively stated to the trial court that the only agreement between the defendant and the State was that appellant would not waive appeal.

In the record:

> THE COURT: You are giving notice of appeal at this time?
>
> MR. REYES: Yes, Your Honor.
>
> THE COURT: Let the record reflect the defendant has given written notice of appeal to appeal the suppression hearing that was had in this court, March 9 and 10th. That notice of appeal will be received and filed by the Court. Mr. Reyes will represent the defendant on appeal?
>
> MR. REYES: Yes, sir.
>
> THE COURT: Permission is granted.

Under this record I certainly cannot hold that appellant's counsel(s) were not as a matter of law ineffective in giving the notice of appeal. The Honorable Frumencio Reyes, Jr. and the Honorable Thomas R. Rodriguez were effective counsel in this regard.

The State vehemently contends that the hearing on the motion to suppress was not completed. Thus, appellant failed to obtain an explicit adverse ruling required by TEX. R.APP.P. 52(a). Query: Should not this appeal be abated to await an explicit ruling?

Since *Jones, supra,* has not been overruled I am constrained to concur in the results reached by the Chief Justice.

BURGESS, Justice, dissenting.

I respectfully dissent. However, my quarrel is not with the majority, for they are only following bad law. As pointed out by Judge Teague in his dissent in *Jones v. State,* 796 S.W.2d 183, 188 (Tex.Crim.App. 1990), "this is another one of those 'pay me now or pay me later' cases". Appellant's counsel was, as a matter of law, ineffective

in the giving of the notice of appeal, therefore, he will be granted an out-of-time appeal and we will deal with the substantive issues at that time. Toward a view of judicial economy, the present court of criminal appeals should use this case to overrule *Jones* and remand this case back for our consideration.