Michael **RODRIGUEZ**

v.

**STATE of Texas.**

No. 04–92–00083–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 30, 1992.

Rehearing Denied Jan. 15, 1993.

Alex J. Scharff, Campion & Campion, San Antonio, for appellant.

W.C. Kirkendall, Crim. Dist. Atty., Frank Follis, Asst. Dist. Atty., Seguin, for appellee.

Before CHAPA, BIERY and ONION,[1] JJ.

ON APPELLANT'S MOTION FOR RE-HEARING & APPELLANT'S MO-TION FOR REHEARING EN BANC

ONION, Justice, Assigned.

Our opinion on original submission is withdrawn and the following is submitted in lieu thereof.

This is an appeal from a conviction for possession of a controlled substance, namely cocaine, in the amount of less than twenty-eight (28) grams. After the trial court overruled appellant's pretrial motion to suppress evidence, the appellant waived trial by jury and entered a plea of nolo contendere in a bench trial. The trial court admonished the appellant of the consequences of his plea, and then heard evidence in this felony case pursuant to the requirements of TEX.CODE CRIM.PROC.ANN.

---

**1.** Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1988).

art. 1.15 (Vernon Supp.1993). In accordance with a plea bargain agreement, the trial court assessed appellant's punishment at fifteen (15) years' imprisonment.

Appellant advances three points of error, all dealing with the trial court's action in overruling the pretrial motion to suppress evidence.

We are confronted at the outset with the sufficiency of appellant's notice of appeal.

Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, *in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.* The clerk of the trial court shall note on copies of the notice of appeal the number of the cause and the day that notice was filed, and shall immediately send one copy to the clerk of the appropriate court of appeals and one copy to the attorney for the State.

TEX.R.APP.P. 40(b)(1) (Emphasis added).

■ Appellant's written notice of appeal appears to be timely but it does not state that the trial court granted permission nor does it specify those matters raised by written motion ruled on before trial. The notice of appeal is not in compliance with Rule 40(b)(1) and the mandatory language that the Court of Criminal Appeals used in drafting the rule. There was no request for an extension of time to file a notice of appeal. *See* TEX.R.APP.P. 41(b)(2).

Rule 40(b)(1) is a restrictive rule. It regulates the extent of the grounds upon which a defendant can appeal. The method of regulation is the nature of the notice filed by a defendant. *If he wishes to appeal a matter which is nonjurisdictional in nature or occurred prior to the entry of his plea, then he must conform to the requirements of the statute and include within his notice* what the grounds of appeal are and the fact that he has received the permission of the trial court to appeal those matters.

*Jones v. State,* 796 S.W.2d 183, 186 (Tex. Crim.App.1990) (Emphasis added); *see also Campos v. State,* 818 S.W.2d 872, 874–75 (Tex.App.—Houston [14th Dist.] 1991), *pet. ref'd,* 821 S.W.2d 162 (Tex.Crim.App.1992).

■ *Jones* also made clear that any defect in the notice of appeal cannot be cured pursuant to TEX.R.APP.P. 83.[2] *Jones,* 796 S.W.2d at 187. The Court of Criminal Appeals rejected the reasoning of the Court of Appeals that because the defendant had "promptly corrected" the defect in the notice of his appeal after it was called to his attention, the appeal was properly before that court. *Id.* at 186. *Jones* stressed that compliance with Rule 41(b)(1) is necessary for a defendant to avoid statutory restric-

---

**2.** Prior to *Jones,* some Courts of Appeals found the failure to satisfy the mandatory requisites of Rule 40(b)(1) deprived the court of authority to consider nonjurisdictional matters which occurred before the plea. *See Davis v. State,* 773 S.W.2d 404, 408 (Tex.App.—Fort Worth 1989, pet. granted Oct. 25, 1989, pending); *Garcia Rodriguez v. State,* 750 S.W.2d 906, 908 (Tex.App.—Corpus Christi 1988, pet. ref'd). Other Courts of Appeals frequently responded to a defective notice of appeal by permitting a late amendment to the notice of appeal by utilizing

Tex.R.App.P. 83 or by suspending Rule 40(b)(1) by virtue of Tex.R.App.P. 2(b). *See e.g., Berger v. State,* 780 S.W.2d 321, 322–23 (Tex.App.—Austin 1989, no pet.); *Jones v. State,* 762 S.W.2d 330, 330–31 (Tex.App.—Austin 1988), *reversed in part,* 796 S.W.2d 183 (Tex.Crim.App.1990); *Jiles v. State,* 751 S.W.2d 620, 621–22 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Campbell v. State,* 747 S.W.2d 65, 66–67 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *see also Francis v. State,* 774 S.W.2d 768, 771–72 (Tex.App.—Corpus Christi 1989, no pet.).

tions on his right of appeal. The Court stated:

> We hold that the Court of Appeals in the instant case should not have entertained appellant's appeal of a nonjurisdictional matter.

*Jones,* 796 S.W.2d at 187.

*Jones* has been followed. *See e.g. Davis v. State,* 832 S.W.2d 356, 358 (Tex.App.—Dallas 1992, no pet.) ("In our view, rule 40(b)(1) establishes a bright line test."); *Berrios–Torres v. State,* 802 S.W.2d 91, 94 (Tex.App.—Austin 1990, no pet.) ("Court of Criminal Appeals has recently made it clear that Rule 40(b)(1) is a restrictive rule containing unequivocally mandatory language, ...").

While this Court acquired jurisdiction of the instant appeal by virtue of the written notice of appeal and may entertain issues of jurisdiction and nonjurisdictional matters occurring after the entry of the plea, this Court may not entertain issues in this non-capital felony case [3] that are non-jurisdictional in nature and occurred before the entry of the plea of guilty. *Jones,* 796 S.W.2d at 186–87; *Jacobs v. State,* 823 S.W.2d 749, 750 (Tex.App.—Dallas 1992, no pet.); *Rhem v. State,* 820 S.W.2d 946, 948 (Tex.App.—Houston [1st Dist.] 1991, no pet.); *Wilson v. State,* 811 S.W.2d 700, 702 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Hosea v. State,* 802 S.W.2d 763, 765 (Tex.App.—Houston [14th Dist.] 1990, no pet.).

▮▮▮ A trial court's pretrial ruling on a motion to suppress evidence involves an alleged nonjurisdictional defect occurring prior to the plea. *See Christal v. State,* 692 S.W.2d 656, 658–59 (Tex.Crim.App. 1981) (Op. on motion for reh'g); *Wilson,* 811 S.W.2d at 702. All of appellant's points of error involve the overruling of the pretrial motions to suppress evidence. These issues are nonjurisdictional in nature which this Court may not entertain under the teachings of *Jones* and its progeny. And we so held on original submission. On rehearing, for the first time, appellant relies upon *Riley v. State,* 825 S.W.2d 699

(Tex.Crim.App.1992) to avoid the holding in *Jones.* In *Riley,* the court noted the holding in *Jones,* and observed that Rule 40(b)(1) directs "how" an appeal is perfected. *Id.* at 700–01. It then added:

> Appellant's written notice of appeal stated only that she wished to appeal. However, included in the record is an order signed by the trial judge entitled "Order Limiting Defendant's Appeal." This order recites that appellant was assessed punishment in accordance with a plea bargain, that the trial court allowed appeal pursuant to Article 44.02, V.A.C.C.P., and that a motion to suppress challenging the legality of the arrest and subsequent search was raised before trial. Even though the notice of appeal did not incorporate the order, either by reference or physically, the existence of the order, timely filed in the appellate record, is sufficient to permit the Court of Appeals to ascertain that it could address non-jurisdictional defects.
>
> We hold that, under the facts of this case, when all the information required by Rule 40(b)(1) is contained in an order by the trial court and the order is in the appellate record along with a timely filed a notice of appeal, the Court of Appeals has jurisdiction to address jurisdictional and also those non-jurisdictional defects recited in the order.
>
> Appellant's notice of appeal coupled with the court's order substantially complied with Rule 40(b)(1) to permit review of properly preserved non-jurisdictional issues. The Court of Appeals did not err in reviewing the trial court's denial of appellant's pre-trial motion to suppress.

*Riley,* 825 S.W.2d at 701.

In *Riley,* the Court of Appeals reversed the convictions finding that the trial court had erred in overruling the motion to suppress evidence. *Id.* The State filed a motion for rehearing alleging that the appellate court could not review the issue because the notice of appeal was not sufficient to raise it. *Id.* at 700. The rehearing

---

**3.** *Cf. Lemmons v. State,* 818 S.W.2d 58, 63 (Tex. Crim.App.1991) (Rule 40(b)(1) and its restrictiveness does not apply to an appeal in a misdemeanor case).

motion was overruled. The Court of Criminal Appeals held that the State's complaint on rehearing was timely raised as to the court's authority to address the suppression issue. The Court of Criminal Appeals held however, that the Court of Appeals did not err in entertaining the suppression issue because of the "Order Limiting Defendant's Appeal" which the Court of Criminal Appeals found in the record supplemented the notice of appeal.[4] *Id.* at 701.

*Riley* is difficult, if not impossible, to reconcile with the mandatory language of Rule 40(b)(1) and the holding in *Jones* as to what *must* be *included* or *shall* be stated in the notice of appeal itself. The notice of appeal in *Riley* did not incorporate the order involved either by reference or physically. *Riley*, 825 S.W.2d at 701. The separate order in *Riley*, dated May 5, 1989, appears to be a printed form in use in Dallas County. *Cf. Lowery v. State*, 843 S.W.2d 136 (Tex.App.—Dallas 1992, pet. filed) (Opinion on remand). The order's reference to "Article 44.02, V.A.C.C.P.," *see Riley*, 825 S.W.2d at 701, in the context in which it is made is outdated and erroneous. The proviso of article 44.02 was repealed by the order of the Court of Criminal Appeals, effective September 1, 1987, adopting the Texas Rules of Appellate Procedure. *See* TEX.GOV'T CODE ANN. § 22.108 (Vernon 1988 & Supp.1993). In place of the proviso, the Court adopted Rule 40(b)(1). *Berrios–Torres*, 802 S.W.2d at 94.

Since the time of *Riley*, other courts have wrestled with the issue now presented or similar thereto.

In *Brown v. State*, 830 S.W.2d 171, 173 (Tex.App.—Dallas 1992, pet. ref'd), the notice of appeal, like in *Riley*, did not comply with Rule 40(b)(1). The State relied upon *Jones*. The Court of Appeals found in the record a plea bargain agreement signed by the trial court allowing Brown to appeal her "motion to suppress." Relying upon *Riley*, the court rejected the State's argument that nothing was preserved for review as to the overruling of the suppression motion.

In *Moshay v. State*, 828 S.W.2d 178, 178 (Tex.App.—Houston [14th Dist.] 1992, no pet.) the notice of appeal did not comply with Rule 40(b)(1) so as to raise on appeal the denial of the motion to suppress. The court found no order in the record, as in *Riley*, and the court declined to entertain an appeal from the denial of the suppression motion. *Id.* at 179. Interestingly enough, Moshay has now been granted an out-of-time appeal in a post-conviction habeas corpus proceeding under TEX.CODE CRIM. PROC.ANN. art. 11.07 (Vernon 1977 & Supp. 1993), based in part at least, on the ineffective assistance of counsel in failing to file a proper notice of appeal. *Ex parte Moshay*, No. 71, 511 (Tex.Crim.App. Oct. 14, 1992) (not designated for publication).

Appellant's petition for discretionary review has been granted in *Spiller v. State*, No. 918–92, in the Court of Criminal Appeals on September 23, 1992. The Fourteenth Court of Appeals in an unpublished opinion had affirmed the conviction holding that the notice of appeal did not comply with Rule 40(b)(1) and *Jones*, and that the amended notice of appeal was untimely filed. The Court declined to entertain appellate review of such nonjurisdictional defect as the denial of his pretrial motion to suppress, finding no order in the record as in *Riley*. *Spiller v. State*, No. C–14–91–00873–CR, 1992 WL 105829 (Tex.App.—Houston [14th Dist.] May 21, 1992. pet. granted) (not designated for publication). The question presented for review by the Court of Criminal Appeals is whether the inclusion of the words "pursuant to Texas Rule of Appellate Procedure 40(b)(1)" in the general notice of appeal was sufficient to constitute "substantial compliance" with the rule, where the trial court set the amount of an appeal bond at the bottom of the notice of appeal and signed it.

---

4. An examination of the *Riley* record, Nos. 0001–91 and 0002–91, supports the State's claim on rehearing in the Court of Criminal Appeals that Riley himself never advanced the argument that the order rendered the notice of appeal sufficient, but that the Court sua sponte raised the theory.

A plea of guilty to the offense of murder apparently after a plea bargain was involved in *Ayala v. State*, 838 S.W.2d 932 (Tex.App.—Beaumont, no pet. h.). In *Ayala*, there was no mention of *Riley*. Chief Justice Walker in his opinion for the Court noted that the mandatory language of Rule 40(b)(1) was not in either of the two written notices of appeal, and held that the court should not entertain the appeal of a nonjurisdiction matter—the denial of the motion to suppress. *Jones* was relied upon for the affirmance. Justice Brookshire concurred because *Jones* had not been overruled, but noted that one notice of appeal referred to the appeal of the motion to suppress "only," and that the statement of facts reflected the trial court had granted its permission to appeal. Justice Burgess dissented because the majority relied on "bad law" and urged the Court of Criminal Appeals to overrule *Jones*. This and other cases have demonstrated the difficulty that courts have had with Rule 40(b)(1) and the case law it has spawned.

The order in the instant case upon which appellant relies on rehearing is a trial court order[5] setting the amount of an appeal bond at $30,000.00. It was not incorporated in the notice of appeal physically or by reference. Unlike the orders in *Riley* and *Brown*, it did not expressly grant the trial court's permission to appeal nonjurisdictional matters occurring before the entry of the plea before the court. Appellant recognizes the distinction between the cases but urges that, in granting bail on appeal, the trial court in effect granted permission to appeal the ruling on the pretrial motion to suppress. At the time of the order appellant had already given his general notice of appeal and was entitled thereby to appeal all jurisdictional defects and all nonjurisdictional errors occurring after the entry of the plea. The punishment assessed did not exceed fifteen years' imprisonment and it appears appellant was eligible for bail on appeal. *See* TEX.CODE CRIM.PROC.ANN. art. 44.04 (Vernon Supp. 1992). The trial court had no authority to deny bail on this appeal and was required to set the amount of an appeal bond. The trial court's action was not dependent upon the nature of the points of error that appellant might later advance on appeal. Appellant call attention to the allegations in his "Motion to Set Bond" which concluded with a prayer that the appeal bond be set at $10,000.00. Among the allegations in the motion is found the statement in Paragraph II: "Said appeal is based upon a written pre-trial Motion to Suppress Evidence which was heard on January 13, 1992, and overruled by the court." The statement appears to be one of future intention. There was no prayer that a finding on the matter be made by the trial court and none was included in the court's order. Neither the Motion's allegations nor the order were included in the notice of appeal as required by the mandatory language of Rule 40(b)(1) or the holding in *Jones*. There was not even "substantial compliance" as noted in *Riley*, unless just anything found in the search of an appellate record supplies the necessary information forming "substantial compliance."

■ A written notice of appeal is necessary to confer jurisdiction on an appellate

5.

ORDER

On this day came on to be heard the Defendant's Motion to Set Appeal Bond, and the Court having considered the Motion and the evidence thereon is of the opinion that said Motion should be

GRANTED.                    DENIED.

IT IS ORDERED that an Appeal Bond be set in the amount of:
$30,000.00
Done and Entered this 24th day of January, 1992.

J. Taylor Brite
JUDGE PRESIDING

court. *Shute v. State*, 744 S.W.2d 96, 97 (Tex.Crim.App.1988). An independent written notice of appeal is required by Rule 40(b)(1). *Id.* An oral notice of appeal reflected in the appellate record and even reduced to writing by the clerk of the trial court acknowledging receipt of the oral notice is not sufficient. *Id.* Docket sheet entries, orders appointing counsel on appeal for an indigent defendant, and other instruments found on an appellate record will not constitute "substantial compliance." *See id.*

While the necessity of a written notice of appeal itself to confer jurisdiction of the appeal on the appellate court may be distinguished from the requirements of Rule 40(b)(1) necessary to give the appellate court the authority to entertain nonjurisdictional errors occurring prior to the entry of the plea, *Jones*, 796 S.W.2d at 186–87, the rule either means what it clearly says or it means nothing, nothing at all.

■ As our discussion has revealed, when confronted with an appeal where the notice of appeal is defective under Rule 40(b)(1) as to nonjurisdictional matters which occurred prior to the plea, the Court of Appeals is without authority to entertain the issue or issues. *Id.* at 187. Faced with a possible out-of-time appeal because counsel was ineffective in failing to file a proper notice of appeal, the appellate court may not use Rule 83 to permit a belated notice of appeal beyond the fifteen day extension period allowed by Rule 41(b)(2). *Id.* However, the Court of Appeals may not rest there. It must search the record page by page to determine if there is a trial court order or other matter outside of the notice of appeal itself which might constitute "substantial compliance" with Rule 40(b)(1). *Riley*, 825 S.W.2d at 701. This type of search is not required of a reviewing court in any other context. If the Court of Appeals concludes it has no authority to entertain the nonjurisdictional issue and affirms the conviction, the appellant may file a petition for discretionary review. The appellant may then urge for the first time, or the Court of Criminal Appeals sua sponte may find, "substantial compliance" with the mandatory language of Rule 40(b)(1). The cause may then be remanded to the Court of Appeals with the resulting delay. If appellant does not seek discretionary review and the conviction becomes final, he may obtain an out-of-time appeal through post-conviction habeas corpus proceedings based on the ineffective assistance of counsel. The Court of Appeals would then have to write on the nonjurisdiction issue.

If the Court of Appeals on direct appeal finds the notice of appeal defective under Rule 40(b)(1) as to nonjurisdiction matters occurring before the entry of the plea, but finds "substantial compliance" under *Riley*, it may assume authority to entertain the nonjurisdiction issue and write an opinion. However, the State may then raise the issue of the lack of the Court's authority to have considered the nonjurisdictional matter. On petition for discretionary review the Court of Criminal Appeals may agree with the State that there was no "substantial compliance." The Court of Appeals' opinion then is wasted effort.

Under any version described, judicial economy is the loser. Judicial energies and resources are needlessly misspent. The giving of a notice of appeal should not be a technical matter and the Court of Appeals should not have to search appellate records to determine their authority to act on certain issues.

Rule 40(b)(1) has been the source of much appellate litigation and delay. For some lawyers, compliance with the rule has been a bridge too far. It is overly ripe for revision. If the Court of Criminal Appeals does not act to revise the rule under its rule-making authority, the Legislature may soon flex its muscle. *See* TEX.GOV'T CODE ANN. § 22.108 (Vernon 1988 & Supp.1993). That result may be one that is totally undesirable, and may well curtail the authority of the Court of Criminal Appeals to act on the matter.

We may long for our notice of appeal procedure under former TEX.CODE CRIM. PROC.ANN. art. 44.08(a) (Vernon 1979), rue the day we altered our procedure to conform the civil side of the docket, *see Shute*,

744 S.W.2d at 99–102 (Teague, J., dissenting), and wonder whether the essence of the repealed proviso of TEX.CODE CRIM.PROC. ANN. art. 44.02 (Vernon 1979) could have been retained only in the manner it was in Rule 40(b)(1). Until a change is made however, we should follow our rules, and not write around them.

We conclude that the instant notice of appeal is defective under the mandatory language of Rule 40(b)(1) as to the authority of the Court to pass on the nonjurisdictional matters involved in the points of error, and that there is no "substantial compliance" under *Riley*.

The judgment is affirmed.