**Wayne WILLIFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–95–00575–CR.**

Court of Appeals of Texas,
Austin.

Oct. 25, 1995.

Theodore A. Hargrove, III, San Angelo, for Appellant.

Stephen H. Smith, District Attorney, San Angelo, for Appellee.

Before CARROLL, C.J., and JONES and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of burglary of a habitation and assessed punishment at imprisonment for twenty years. Sentence was imposed in open court on June 23, 1995. A motion for new trial was timely filed and subsequently overruled by operation of law. Notice of appeal was filed on September 25, 1995.

Appellant's notice of appeal was not timely. Tex.R.App.P. 41(b)(1). Although the notice was filed within the fifteen-day grace period, no motion for extension of time to file notice of appeal was presented to this Court. Tex.R.App.P. 41(b)(2). In his response to our notice that the notice of appeal was untimely, counsel for appellant stated that he was told by trial counsel that notice of appeal had been filed and did not discover that this was not so until September 25. Counsel does not explain why he did not request an extension of time pursuant to rule 41(b)(2).

Without a timely filed notice of appeal, this Court is without jurisdiction. *Rodarte v. State*, 860 S.W.2d 108 (Tex.Crim. App.1993); *Shute v. State*, 744 S.W.2d 96 (Tex.Crim.App.1988). In a recent opinion, the Court of Criminal Appeals held that courts of appeals may not employ rule 2(b) of the Texas Rules of Appellate Procedure to suspend appellate time limits. *Garza v. State*, 896 S.W.2d 192 (Tex.Crim.App.1995). Thus, while good cause for doing so is shown, we may not suspend the requirements of rule 41(b)(1) and deem appellant's notice of appeal timely filed. Counsel asks this Court to consider appellant's affidavit of indigence and request for appointment of counsel on appeal as a notice of appeal. Rule 40(b)(1), however, demands "an independent written notice of appeal." *Shute*, 744 S.W.2d at 97. Counsel also asks us to treat the untimely notice of appeal as an "improperly titled" motion for extension of time. But this "motion" was not presented to us within the time prescribed by rule 41(b)(2) and under *Garza* this time cannot be extended.

But for the opinion in *Garza*, we would suspend the appellate time limit and permit this appeal to proceed. In light of *Garza*, however, appellant must await this Court's mandate of dismissal, after which he may file a post-conviction application for writ of habeas corpus. Tex.Code Crim.Proc.Ann. art. 11.07, § 2 (West Supp.1995). The Court of Criminal Appeals will then almost certainly grant appellant an out-of-time appeal.

The appeal is dismissed.