TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00617-CR

NO. 03-95-00618-CR

Paul J. Stautzenberger, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW OF COMAL COUNTY

NOS. 95CR-582A & 95CR-583A, HONORABLE FRED CLARK, JUDGE PRESIDING

PER CURIAM

 On appeals de novo from justice of the peace court, a jury found appellant guilty
of operating a motor vehicle with expired license plates and speeding. In each cause, the county
court at law assessed an $85 fine. Appellant represents himself on appeal, as he did at trial. 

 The State has filed a motion to dismiss for want of jurisdiction alleging that
appellant did not perfect his appeals timely. The sentences were imposed in open court on August
30, 1995. Appellant's notices of appeal were filed on October 12, 1995. No extensions of time
for filing were requested. Tex. R. App. P. 41(b)(2).

 In his response to the State's motion to dismiss, appellant invokes Texas Rule of
Appellate Procedure 4(b). By this rule, a notice of appeal is deemed timely filed if it is sent to
the proper clerk by first-class mail on or before the last day for filing and is received by the clerk
not more than ten days tardily. Appellant states the he mailed his notices of appeals to the county
clerk by first class mail on October 10, 1995. Appellant's assertion that the notices of appeal
were mailed timely is based on the mistaken belief that the time for perfecting his appeals began
to run on September 7, 1995, the day the judgments of conviction were signed by the county court
at law. In fact, the time began to run on August 30, 1995, the day the sentences were imposed
in open court. Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993); Tex. R. App.
P. 41(b)(1). Thus, the deadline for perfecting the appeals in these causes was September 29,
1995. Rule 41(b)(1). Because appellant's notices of appeal were mailed and filed after that date,
they were untimely.

 Appellant asks that we dismiss the State's motion to dismiss because it was not filed
within thirty days after the filing of the transcript. Tex. R. App. P. 72. Rule 72 permits us to
consider a late motion and we consider it proper to do so in this cause. Appellant's motion to
dismiss the State's motion to dismiss the appeals is overruled.

 Without timely filed notices of appeal, this Court is without jurisdiction. Rodarte,
860 S.W.2d at 109; Shute v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988); Williford v. State,
909 S.W.2d 604 (Tex. App.--Austin 1995, no pet.). The State's motion to dismiss the appeals for
want of jurisdiction is granted. The State's motion for extension of time to file its brief is
dismissed.

 The appeals are dismissed.

Before Justices Powers, Aboussie and Kidd

Dismissed for Want of Jurisdiction

Filed: January 31, 1996

Do Not Publish