TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00343-CR







Scott James Zywicki, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,084, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty to murder. Tex. Penal Code Ann. § 19.02 (West 1994). 
The district court found him guilty and, pursuant to a plea bargain agreement, assessed
punishment at imprisonment for twenty-two years and a $5000 fine. Sentence was imposed on
February 20, 1996. 

 Appellant timely filed motions for new trial and in arrest of judgment. On May
13, appellant filed a written request for permission to appeal, which the district court granted that
day. Permission to appeal was required by the "but clause" of rule 40(b)(1). Tex. R. App. P.
40(b)(1). Appellant's notice of appeal was filed on May 23, after the deadline for filing but within
the fifteen-day grace period during which an extension of time for filing may be obtained. Tex.
R. App. P. 41(b)(1), (2). No extension of time was sought.

 Without a timely filed notice of appeal, this Court is without jurisdiction. Rodarte
v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d 96 (Tex. Crim.
App. 1988). Recognizing this, appellant has filed a motion to continue the appeal, asserting two
grounds for doing so. First, appellant argues the motion for permission to appeal was sufficient
to show his desire to appeal and therefore qualifies as a notice of appeal under rule 40(b)(1). The
Court of Criminal Appeals has held, however, that rule 40(b)(1) demands "an independent written
notice of appeal." Shute, 744 S.W.2d at 97. To the extent that it holds that written requests for
counsel and for preparation of the record satisfy rule 40(b)(1), Massey v. State, 759 S.W.2d 18,
19 (Tex. App.--Texarkana 1988, no pet.), cited by appellant, is inconsistent with our
understanding of Shute. See Williford v. State, 909 S.W.2d 604, 605 (Tex. App.--Austin 1995,
no pet.) (affidavit of indigence and request for appointed counsel on appeal did not constitute
independent notice of appeal). The other opinions cited by appellant in support of this argument
concern the application of the "but clause" and are not on point. See Riley v. State, 825 S.W.2d
699, 701 (Tex. Crim. App. 1992); Rodriguez v. State, 844 S.W.2d 905, 910 (Tex.
App.--San Antonio 1992, pet. ref'd).

 Second, appellant urges that if his appeal is dismissed because the notice of appeal
was untimely, he will have been denied his right to appeal because of counsel's failure to comply
with the appellate rules. While we agree that appellant will be entitled to habeas corpus relief in
the form of an out-of-time appeal, we are bound to apply the appellate rules as written and
interpreted by the Court of Criminal Appeals. 

 We may permit the late filing of a transcript or statement of facts on a showing that
otherwise the appellant will be deprived of effective assistance of counsel. Tex. R. App. P. 83;
see also Tex. R. App. P. 53(m), 74(l) (procedures to follow when no statement of facts or
appellate brief is filed). Also, we are generally authorized to suspend the requirements of the
appellate rules for good cause. Tex. R. App. P. 2(b). But the Court of Criminal Appeals has
stated that rule 2(b) cannot be employed under the present circumstances. When a notice of
appeal, but no motion for extension of time, is filed within the fifteen-day period, we lack
jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for want
of jurisdiction. Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Appellant must
await this Court's mandate of dismissal, after which he may file a post-conviction application for
writ of habeas corpus seeking an out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07, §
2 (West Supp. 1996).

 The motion to continue the appeal is overruled and the appeal is dismissed for want
of jurisdiction.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Dismissed for Want of Jurisdiction

Filed: July 31, 1996

Do Not Publish



HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







PER CURIAM


 Appellant pleaded guilty to murder. Tex. Penal Code Ann. § 19.02 (West 1994). 
The district court found him guilty and, pursuant to a plea bargain agreement, assessed
punishment at imprisonment for twenty-two years and a $5000 fine. Sentence was imposed on
February 20, 1996. 

 Appellant timely filed motions for new trial and in arrest of judgment. On May
13, appellant filed a written request for permission to appeal, which the district court granted that
day. Permission to appeal was required by the "but clause" of rule 40(b)(1). Tex. R. App. P.
40(b)(1). Appellant's notice of appeal was filed on May 23, after the deadline for filing but within
the fifteen-day grace period during which an extension of time for filing may be obtained. Tex.
R. App. P. 41(b)(1), (2). No extension of time was sought.

 Without a timely filed notice of appeal, this Court is without jurisdiction. Rodarte
v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993); Shute v. State, 744 S.W.2d 96 (Tex. Crim.
App. 1988). Recognizing this, appellant has filed a motion to continue the appeal, asserting two
grounds for doing so. First, appellant argues the motion for permission to appeal was sufficient
to show his desire to appeal and therefore qualifies as a notice of appeal under rule 40(b)(1). The
Court of Criminal Appeals has held, however, that rule 40(b)(1) demands "an independent written
notice of appeal." Shute, 744 S.W.2d at 97. To the extent that it holds that written requests for
counsel and for preparation of the record satisfy rule 40(b)(1), Massey v. State, 759 S.W.2d 18,
19 (Tex. App.--Texarkana 1988, no pet.), cited by appellant, is inconsistent with our
understanding of Shute. See Williford v. State, 909 S.W.2d 604, 605 (Tex. App.--Austin 1995,
no pet.) (affidavit of indigence and request for appointed counsel on appeal did not constitute
independent notice of appeal). The other opinions cited by appellant in support of this argument
concern the application of the "but clause" and are not on point. See Riley v. State, 825 S.W.2d
699, 701 (Tex. Crim. App. 1992); Rodriguez v. State, 844 S.W.2d 905, 910 (Tex.
App.--San Antonio 1992, pet. ref'd).

 Second, appellant urges that if his appeal is dismissed because the notice of appeal
was untimely, he will have been denied his right to appeal because of counsel's failure to comply
with the appellate rules. While we agree that appellant will be entitled to habeas corpus relief in
the form of an out-of-time appeal, we are bound to apply the appellate rules as written and
interpreted by the Court of Criminal Appeals. 

 We may permit the late filing of a transcript or statement of facts on a showing that
otherwise the appellant will be deprived of effective assistance of counsel. Tex. R. App. P. 83;
see also Tex. R. App. P. 53(m), 74(l) (procedures to follow when no statement of facts or
appellate brief is filed). Also, we are generally authorized to suspend the requirements of the
appellate rules for good cause. Tex. R. App. P.