Frederick C. Holmes & Teresa Maria Holmes v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-200-CR
&
No. 10-97-196-CR

     FREDERICK C. HOLMES AND 
     TERESA MARIA HOLMES,                                                                                                                                 Appellants
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court Nos. 96-11-11959-BCCR & 96-11-11960 BCCR
                                                                                                                

O P I N I O N
                                                                                                                

      No. 10-97-200-CR is an appeal by Appellant Frederick Holmes from his conviction for
possession of marihuana (5 pounds or less but more than 4 ounces), for which he was sentenced
to 2 years in a state jail, probated, and a $1,000 fine.
      No. 10-97-196-CR is an appeal by Appellant Teresa Holmes from the court’s finding of
“sufficient evidence to support a finding of guilty” for possession of marihuana (5 pounds or less
but more than 4 ounces), after which the court deferred adjudication and placed her on 2 years’
deferred adjudication probation and a $500 fine.
      The two cases were tried together. The appellants are husband and wife. There is one
statement of facts and the briefs in the two cases are identical.
      On September 4, 1996, Children’s Protective Services received a report of child abuse of the
Holmes children, ages 13, 10, 4, and 5 months. Ms. Meeks of CPS went to the Holmes property
on FM 2140 near Iredell on September 6, 1996, accompanied by a game warden. The gate to the
Holmes property was secured with a chain and padlock. Ms. Meeks and the game warden then
left. Ms. Meeks requested an order from District Judge James Morgan allowing her entry onto
Appellants’ property.
      On September 9, Judge Morgan issued a written order stating that the Texas Department of
Human Services had requested entrance to the home of Appellants to complete investigation of a
report of child abuse of the [named] Holmes children; and ordered: “That [appellants] allow an
authorized representative of the Texas Department of Human Services to enter the home located
at FM 2140, Iredell, Texas, to interview and physically examine the children, and to cooperate
with the Texas Department of Human Services in the investigation. It is further ordered that the
Sheriff of Bosque County, or one of his officers, serve the order on [appellants] and be available
in the execution of this order.”
      On September 9, Ms. Meeks and Deputy Sheriff Ferguson, with the order, went to
Appellants’ property. Deputy Ferguson used bolt cutters to cut the chain on the gate, and they
entered the property. Appellants were present in a small trailer house. While Ms. Meeks was
interviewing the children, Deputy Ferguson was talking to Mr. Holmes at the trailer when he
observed a 4½-foot marihuana plant growing about 30 yards from the trailer. Deputy Ferguson
then observed a second marihuana plant nearby. Deputy Ferguson gave Mr. Holmes a Miranda
warning and asked him for permission to look over the rest of his place. Mr. Holmes refused. 
Deputy Ferguson placed him under arrest and by radio called the Sheriff’s Department to come
to the location to transport the four children and two adults. Deputy Ferguson also sought and
obtained a warrant to search Appellants’ property. The search revealed 7 growing marihuana
plants, a baggie with ½ pound of dried marihuana and a number of plants which had been pulled
and were drying. Both Appellants were indicted for possession of marihuana (5 pounds or less
but more than 4 ounces).
      Appellants made a motion to suppress the evidence seized which, after a hearing, the trial
court denied.
      Thereafter both Appellants waived a jury and pled guilty before the court. The court gave
Appellants permission to appeal the court’s ruling on the pretrial motion to suppress.
      Appellants’ pleas of guilty were open pleas. There was no plea bargain. The court advised
Appellants of the range of punishment, determined that Appellants had not been promised anything
to plead guilty, and were not pleading because of fear or coercion. Appellants then signed and
swore to a stipulation of evidence, waived the right to cross examine witnesses against them, and
confessed that they had possessed 5 pounds or less but more than 4 ounces of marihuana. The
State introduced Deputy Ferguson’s testimony by agreement as well as the testimony of Chemist
Mott that the evidence seized was marihuana. 
      The trial judge then found the evidence sufficient to find both Appellants guilty and ordered
a presentence investigation.
      Two weeks later at the sentencing hearing, the judge found Appellant Frederick Holmes guilty
and sentenced him to 2 years in state jail, probated, and a $1,000 fine. Teresa Holmes was
sentenced to 2 years’ deferred adjudication probation and a $500 fine. Both Appellants appeal on
three identical points of error. 
      Point 1: “The trial court erred in refusing to grant Appellants’ motion to suppress evidence
seized pursuant to the court’s order for investigation of report of child abuse because the
Children’s Protective Services worker, and the deputy sheriff who accompanied her to Appellants’
property, entered upon Appellants’ property without proper authority from the court.”
      Point 2: “The trial court erred in refusing to grant Appellants’ motion to suppress evidence
seized pursuant to the court’s order for investigation of report of child abuse because the evidence
was obtained in violation of the Fourth Amendment to the U.S. Constitution and to Article 1,
Section 9 of the Texas Constitution.” 
      Point 3: “The trial court erred in refusing to grant Appellants’ motion to suppress evidence
seized pursuant to the court’s order for investigation of report of child abuse because the
Children’s Protective Services worker and the deputy sheriff who accompanied her to Appellants’
property trespassed upon Appellants’ property and the evidence was obtained in violation of
Article 38.23 of the Texas Code of Criminal Procedure.”
      A trial court’s ruling on a motion to suppress evidence will not be disturbed absent a showing
it abused its discretion. Maddux v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985). In
reviewing the trial court’s decision, an appellate court does not engage in its own factual review;
it determines only whether the record supports the trial court’s ruling and whether the trial court
improperly applied the law to the facts. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990). On appeal the evidence adduced at the suppression hearing is viewed in the light most
favorable to the trial court’s ruling, keeping in mind the trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony. Daniels v. State, 718
S.W.2d 702, 704 (Tex. Crim. App. 1986).
      Appellants’ point one asserts that the CPS worker and the deputy sheriff entered upon
Appellants’ property without proper authority from the court and specifically complains of the
deputy cutting the chain on the gate to gain entrance.
      The court’s order required the Holmes to allow the CPS worker to enter the home on FM
2140 to interview and physically examine the children and further ordered the deputy to serve the 
order and be available in the execution of the order.
      Ms. Meeks testified that she perceived that the court’s order authorized the cutting of the
chain to execute the order. Deputy Ferguson testified that he perceived that the court’s order
authorized him to cut the chain to get onto the Holmes property; and that he perceived the order
authorized him to gain access to the actual location of where the children were for the purpose of
the investigation.
      Section 9.21 of the Texas Penal Code entitled “Public Duty” provides that conduct [of an
official] is justified if the actor reasonably believes the conduct is required or authorized by law
. . . or in the execution of the legal process.
      Deputy Ferguson, under the record, did have proper authority from the court to cut the chain
and enter upon Appellants’ property. Rosalez v. State, 875 S.W.2d 705, 717 (Tex. App.—Dallas,
pet. ref’d).
      Point two asserts the evidence was obtained in violation of the Fourth Amendment to the U.S.
Constitution and Section 9, Article 1, of the Texas Constitution.
      The U.S. Constitution and Texas Constitutions provide that the people shall be secure in their
persons and homes from all unreasonable seizures or searches and no warrant to search any place
or seize any things shall issue without proper cause.
      Deputy Ferguson was lawfully on Appellants’ property. He discovered the marihuana in plain
view and not as the result of a search. Items in plan view may be seized by law enforcement
officers if the officers had a right to be where they were when the discovery was made, and when
it is immediately apparent to the officers that they have evidence before them of criminal activity. 
State v.. Haley,, 811 S.W.2d 5997, 599 (Tex. Crim. App. 1991). Moreover, Deputy Ferguson,
after he viewed the marihuana, by radio called for a search warrant. After he received the search
warrant he found the growing marihuana plants, the ½ pound baggie of dried marihuana, and the
pulled plants which were drying.
      Point 3 asserts the CPS worker and the deputy sheriff were trespassers on Appellants’
property for which reason the evidence was obtained in violation of Article 38.23 of the Texas
Code of Criminal Procedure.
      Article 38.23 provides that no evidence obtained by an Officer in violation of any provision
of the constitution or laws of Texas shall be admitted in evidence against the accused in a criminal
case.
      As previously noted, Deputy Ferguson was not a trespasser; he was on Appellants’ property
pursuant to an order of Judge Morgan and in the execution of legal process pursuant to Section
9.21 of the Penal Code. Moreover, some of marihuana was in plain view of Deputy Ferguson and
he did obtain a search warrant in the execution of which the balance of the contraband was found.
      The trial judge did not abuse his discretion in overruling Appellants’ motion to suppress.
      Moreover, this was an open plea of guilty. There was no plea bargain. The record reflects
that Appellants’ pleas were knowingly, intelligently and voluntarily made.
      Where a plea of guilty is voluntarily and understandingly entered into without the benefit of
a plea bargain, all non-jurisdictional defects occurring before the entry of a guilty plea are waived. 
Jack v. State, 871 S.W.2d 741, 744 (Tex. Crim. App. 1994); Helms v. State, 484 S.W.2d 925,
927 (Tex. Crim. App. 1972). A trial court’s ruling on a pretrial motion to suppress evidence
involves a non-jurisdictional defect occurring prior to trial. Shallhorn v. State, 732 S.W.2d 636,
637 (Tex. Crim. App. 1987); Courtney v. State, 904 S.W.2d 907, 912 (Tex. App.—Houston [1st
Dist.] 1995, pet. ref’d); Rodriguez v. State, 844 S.W.2d 905, 907 (Tex. App.—San Antonio 1992,
pet. ref’d); Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim. App.1995).
      All points of both Appellants are overruled. The judgments are affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 3, 1997
Do not publish