Vicki Faye RILEY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 0001–91, 0002–91.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 29, 1992.

Brook A. Busbee, Dallas, for appellant.

John Vance, Dist. Atty., and Robert P. Abbott and Gregg Long, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

After her motion to suppress evidence was denied, appellant pled guilty to unlawful possession of cocaine and unlawful possession of amphetamine. The trial judge assessed punishment, in accordance with a plea bargain, at confinement for ten years, probated in each case, a fine of $750 in the cocaine case and a fine of $500 in the amphetamine case. The Court of Appeals reversed the convictions and ordered acquittals after determining that the police

had lacked probable cause to arrest appellant. *Riley v. State*, Nos. 05–89–00599–CR and 05–89–00600–CR (Tex.App.–Dallas, delivered October 10, 1990). We granted the State's petition for discretionary review in each case to decide whether appellant's notice of appeal was sufficient to have invoked the jurisdiction of the Court of Appeals to consider non-jurisdictional errors. We also granted review to determine whether the court's decision to order an acquittal was proper.

Appellant filed a written notice of appeal stating only that she wished to appeal and that she was indigent and desired appointed counsel for her appeal. Appellant's notice did not contain a statement that the trial court granted permission to appeal or that the matters appealed were raised by written motion and ruled on before trial as required by the rules of appellate procedure. Tex.R.App.Pro. 40(b)(1).[1]

The Court of Appeals addressed the merits of appellant's contentions which concerned the denial of her pre-trial motion to suppress, and ordered an acquittal after determining that probable cause did not exist for her arrest. The State filed a motion for rehearing in the Court of Appeals alleging that the Court of Appeals could not review this issue because appellant's notice of appeal was not sufficient to raise it. The State relied upon this Court's decision in *Jones v. State*, 796 S.W.2d 183 (Tex.Cr.App.1990), decided just two weeks before the Court of Appeals issued its opinion. The Court of Appeals denied the State's motion for rehearing.

■ We are first faced with the issue of whether the State's complaint of a defect in a notice of appeal is timely when raised for the first time in a Motion for Rehearing

filed in the Court of Appeals. In *Rochelle v. State*, 791 S.W.2d 121 (Tex.Cr.App.1990), we wrote, "[i]f a party raises a new ground for the first time on motion for rehearing, . . . the decision of whether to consider that new matter is left to the sound discretion of the appellate court." *Id.* at 124. In that case we held that the issue raised in the motion for rehearing was not timely presented, but we noted that "[c]ircumstances similar to those which compel an appellate court to accept a supplemental brief may also compel the consideration of a new matter raised for the first time on motion for rehearing." *Id.* 125. "Briefs may be amended or supplemented at any time when justice requires upon such reasonable terms as the court may prescribe." Tex.R.App.Pro. 74(*o*).

We find that the State did not waive its complaint even though it was raised for the first time on appeal. Appellate courts are required to review challenges to their jurisdiction properly raised at any time before the issuance of its mandate. Moreover, because the State's complaint on rehearing challenged the threshold issue of the court's authority to address appellant's suppression issue, the Court of Appeals necessarily rejected that issue by its order denying rehearing and thus insisting and asserting its right to review appellant's claim.

■ In *Jones*, we held that, although notice of appeal is sufficient to vest jurisdiction in a court of appeals [2], unless the notice states that the trial court has granted permission to appeal from a plea in which a plea bargain had been honored or that pretrial motions have been ruled on before trial [3], the Court of Appeals' review is restricted to jurisdictional defects.

---

1. Rule 40(b)(1) states, in pertinent part:
   Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, *in order to*

   *prosecute an appeal for a non-jurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.* (Emphasis added.)

2. Art. 5, Sec. 6, Tex. Const.

3. Tex.R.App.Pro. 40(b)(1).

*Jones,* at 186. Therefore, Rule 40(b)(1) directs how an appeal is perfected.

 Appellant's written notice of appeal stated only that she wished to appeal. However, included in the record is an order signed by the trial judge entitled "Order Limiting Defendant's Appeal." This order recites that appellant was assessed punishment in accordance with a plea bargain, that the trial court allowed appeal pursuant to Article 44.02, V.A.C.C.P., and that a motion to suppress challenging the legality of the arrest and subsequent search was raised before trial. Even though the notice of appeal did not incorporate the order, either by reference or physically, the existence of the order, timely filed in the appellate record, is sufficient to permit the Court of Appeals to ascertain that it could address non-jurisdictional defects.

We hold that, under the facts of this case, when all the information required by Rule 40(b)(1) is contained in an order by the trial court and the order is in the appellate record along with a timely filed a notice of appeal, the Court of Appeals has jurisdiction to address jurisdictional and also those non-jurisdictional defects recited in the order.

Appellant's notice of appeal coupled with the court's order substantially complied with Rule 40(b)(1) to permit review of properly preserved non-jurisdictional issues. The Court of Appeals did not err in reviewing the trial court's denial of appellant's pre-trial motion to suppress.

We now determine whether the Court of Appeals erred by ordering an acquittal of appellant. The Court of Appeals correctly held that appellant was arrested without probable cause and, therefore, the evidence discovered pursuant to her arrest should have been suppressed. However, the Court of Appeals then reversed appellant's convictions and erroneously remanded the cases to the trial court for the entry of a order of acquittal. "The admission of ... unlawfully seized evidence [is] trial error." *Adams v. State,* 639 S.W.2d 942 (Tex.Cr.App.1982). Accordingly, we reform that portion of the Court of Appeals' judgment by deleting that portion which

ordered that a judgment of acquittal be entered. With that reformation, the judgment of the Court of Appeals reversing the judgment of conviction is affirmed.

CAMPBELL and OVERSTREET, JJ., concur in the result.

McCORMICK, P.J., and WHITE, J. dissent.