**John Lee GATLIN, John Seavy Schoen, Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. B14–92–01349–CR, C14–92–01350–CR, A14–92–01351–CR and B14–92–01352–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 23, 1993.

Harold J. Geis, Houston, for appellants.

Steve Greene, Anahuac, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellants appeal their judgments of conviction for the felony offenses of possession of marijuana of no more than five (5) pounds but more than four (4) ounces and not paying a state marijuana tax on 453 grams of marijuana. After their motion to suppress the evidence was denied, they both entered pleas of guilty to the court based on an agreed recommendation with the state as to punishment. The court followed the agreed plea recommendation, found appellants guilty and assessed punishment on each appellant as follows: On the failure to pay the state marijuana tax conviction, eight (8) years confinement to the Institutional Division of the Texas Department of Criminal Justice and a fine of $1,585, all probated for eight (8) years. On the possession of marijuana conviction, eight (8) years confinement in the Institutional Division of the Texas Department of Criminal Justice probated for eight (8) years and a fine of $1,000. We affirm.

Appellants raise a single point of error, contending that the trial court erred in denying their motion to suppress evidence. We do not reach the merits of appellants' point of error because they failed to preserve error. Appellants' notice of appeal fails to comply with TEX.R.APP.P. 40(b)(1), which provides:

> Such notice shall be sufficient if it shows the desire of the defendant to appeal ... but if the judgment was rendered upon his plea of guilty or nolo contendere ..., and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea *notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.* (emphasis added).

The record in the instant case reveals that appellants' pleas of guilty were entered pursuant to a plea bargain agreement. The trial court assessed the punishment agreed to by the parties. The notice of appeal, however, fails to state either that the trial court granted permission to appeal or that the subject matter of the appeal was raised by written motion and ruled on before trial.

Failure to comply with the requirements of Rule 40(b)(1) results in a failure "to preserve any nonjurisdictional defects for ... appeal." *Jones v. State,* 796 S.W.2d 183, 186 (Tex. Crim.App.1990); *Wilson v. State,* 811 S.W.2d 700 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). That is, while the reviewing court acquires bare jurisdiction over the appeal by virtue of the faulty notice of appeal, the appellate court may not entertain issues that are nonjurisdictional in nature. *Jones,* 796 S.W.2d at 186–187. The trial court's ruling on a motion to suppress evidence involves an alleged nonjurisdictional defect. *See Christal v. State,* 692 S.W.2d 656, 659 (Tex.Crim.App. [Panel Op.] 1985) (Opinion on motion for rehearing.) We hold, therefore, that appellants failed to preserve any error relative to the trial court's overruling of their motion to suppress evidence and we are unable to consider their first point of error on the merits.

We recognize that the Court of Criminal Appeals has recently held that, under certain facts, substantial compliance with rule 40(b)(1) can permit appellate review. *See Riley v. State,* 825 S.W.2d 699 (Tex.Crim. App.1992). In *Riley,* the appellant filed a written notice of appeal stating only that she wanted to appeal. On appeal, however, she complained of the denial of her pre-trial mo-

tion to suppress evidence. The distinguishing fact in *Riley* was that the record contained an order limiting her appeal. The order recited "that appellant was assessed punishment in accordance with a plea bargain, that the trial court allowed appeal pursuant to Article 44.02, V.A.C.C.P., and that a motion to suppress challenging the legality of the arrest and subsequent search was raised before the trial." *Id.* The court held that Riley's notice of appeal coupled with the trial court's order containing all the information required by the rule substantially complied with rule 40(b)(1), and permitted review of the denial of her motion. *Id.*

In the instant case, there is no such order in the record. Further, there is no other document in the record containing the information required by rule 40(b)(1), such that substantial compliance could be found. Therefore, appellants cannot raise on appeal the denial of their motion to suppress evidence. Appellants' sole point of error is overruled.

Accordingly, the judgments of the trial court are affirmed.