Luke **RENFROE**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 07–93–0252–CR, 07–93–0253–CR, 07–93–0254–CR, 07–93–0255–CR and 07–93–0256–CR.

Court of Appeals of Texas, Amarillo.

Oct. 21, 1993.

Rehearing Overruled Nov. 16, 1993.

Ross Teter, Dallas, for appellant.

John Vance, Crim. Dist. Atty., Dallas, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

■■■ Affirmatively denied permission to appeal from his five separate felony convictions pursuant to, and in compliance with, plea bargain agreements, appellant Luke Renfroe, Jr. has attempted to appeal from each conviction to complain of his trial counsel's ineffective assistance. Lacking authority to entertain the appeals on the nonjurisdictional, pre-plea matter, we will affirm.

Separately charged with the offense of unlawful possession of a controlled substance, cocaine, on five different dates, appellant pleaded guilty, was found guilty, and was assessed punishment of confinement for 15 years and a $1,000 fine for each offense, the punishment recommended by the prosecutor and agreed to by appellant and his attorney. Thereafter, appellant timely filed a printed notice of appeal in each cause. By each notice, he acknowledges that he was convicted of a felony offense and punished pursuant to a plea bargain agreement, but represents that he is appealing a nonjurisdictional error occurring after entry of his plea, which he specifically designates as ineffective assistance of counsel because of trial counsel's breach of the duty to fully and completely investigate each offense. However, appellant did not show in the place provided therefor on each printed notice that the trial court granted permission to appeal, and understandably so, for the presiding judge of the trial court affirmatively denied appellant permission to appeal from each conviction.

In connection with each appeal, appellant has filed motions to extend the time to file a statement of facts and has submitted a brief. By each brief, he seeks a reversal and remand for a new trial because he has not been furnished a statement of facts or, alternatively, he seeks an extension of time for filing a statement of facts.

Although a statutory right of appeal, subject to applicable rules, is granted by article 44.02, Texas Code of Criminal Procedure Annotated (Vernon 1979), an appeal from a plea bargained conviction is now governed, and restricted, by rule 40(b)(1), Texas Rules of Appellate Procedure. The rule specifically provides that

> in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

Although a notice of appeal filed by an appellant invokes the appellate court's jurisdiction over the appeal, *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Cr.App.1990), the rule has been interpreted as regulating the extent of the grounds upon which an appellant can appeal.

> The method of regulation is the nature of the notice filed by [an appellant]. If he wishes to appeal a matter which is nonjurisdictional in nature or occurred prior to the entry of his plea, then he must conform to the requirements of the statute and include within his notice what the grounds of appeal are and the fact that he has received the permission of the trial court to appeal those matters.

*Id.* Then, "unless the notice states that the trial court has granted permission to appeal from a plea in which a plea bargain had been honored or that pretrial motions have been ruled on before trial, the Court of Appeals' review is restricted to jurisdictional defects." *Riley v. State*, 825 S.W.2d 699, 700 (Tex.Cr. App.1992). It follows that because appellant failed to file any notice of appeal which would permit him to appeal the nonjurisdictional defect complained of, we may not entertain his appeals. *Jones v. State*, 796 S.W.2d at 187.

We have not overlooked appellant's designation of his complaints of ineffective assistance of trial counsel as "nonjurisdictional errors hereinafter set forth which occurred after entry of [his] plea." The representation that the errors occurred after entry of his plea apparently was made to bring his complaint within the holding that error oc-

curring after entry of the plea may be raised without the trial court's permission. *See, e.g., Rosenkrans v. State,* 758 S.W.2d 388, 389 (Tex.App.—Austin 1988, pet'n ref'd). Nevertheless, as "set forth," appellant's complaints are that "trial counsel breached the duty to provide effective assistance of counsel by failing to investigate [each] offense charged against [him] fully and completely."

Of course, trial counsel has a duty to make an independent investigation of the facts of his client's case, *Butler v. State,* 716 S.W.2d 48, 54 (Tex.Cr.App.1986), but it is vitally important that the investigation occur before the beginning of trial, *Powell v. Alabama,* 287 U.S. 45, 57, 53 S.Ct. 55, 59, 77 L.Ed. 158 (1932), in order for counsel to support the defense of his client. *Ex parte Ybarra,* 629 S.W.2d 943, 948 (Tex.Cr.App.1982). Consequently, appellant's complaint of ineffective assistance of trial counsel because of his failure to fully and completely investigate each offense charged is, of necessity, a complaint of a nonjurisdictional defect which occurred before the entry of his plea of guilty to each offense charged. As such, the complaint is not a ground upon which appellant can appeal in the absence of any notice of appeal conforming to the requirements of rule 40(b)(1), *supra.* Thus, being unable to entertain the appeals, we must affirm the judgments of the trial court. *Jones v. State,* 796 S.W.2d at 187. Resultantly, appellant's motions for an extension of time to file statements of fact are moot and are overruled.

Accordingly, each judgment of the trial court is affirmed.