TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00662-CR







O'Londi Legrand, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 265TH JUDICIAL DISTRICT


NO. F93-03655-PR, HONORABLE KEITH T. DEAN, JUDGE PRESIDING







PER CURIAM

 

 Appellant pleaded guilty and judicially confessed to interfering with child custody,
a third degree felony at the time of the offense. Act of May 29, 1987, 70th Leg., R.S., ch. 444,
§ 1, 1987 Tex. Gen. Laws 2022, amended by Act of May 26, 1989, 71st Leg., R.S., ch. 830, §
1, 1989 Tex. Gen. Laws 3787 (Tex. Penal Code Ann. § 25.03, since amended). Pursuant to a
plea bargain agreement, the district court assessed punishment at imprisonment for five years and
a $500 fine. Although appellant's notice of appeal does not comply with the "but" clause of Rule
40(b)(1), the record contains the district court's order granting permission to appeal. Tex. R.
App. P. 40(b)(1); Riley v. State, 825 S.W.2d 699, 701 (Tex. Crim. App. 1992).

 Appellant's court-appointed attorney filed a brief in which she concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. No pro se brief has been filed.

 We have reviewed the record and counsel's brief and agree that the appeal is
frivolous and without merit. Further, we find nothing in the record that might arguably support
the appeal.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: April 5, 1995

Do Not Publish