**Leon Winford PAYNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–01174–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 3, 1996.

Gayla L. Sims, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

Appellant Leon Winford Payne appeals his conviction for the felony offense of possession of a controlled substance. After the trial court denied appellant's pretrial motion to suppress evidence, he pled guilty based on a plea bargain agreement with the State as to punishment. The trial court assessed a sentence of six years confinement, probated, and imposed a fine of $300.00 in accordance with the State's agreed recommendation. We affirm.

Appellant brings seven points of error. Contending that he has not waived his right to appellate review of nonjurisdictional errors, appellant argues in his first six points of error that the trial court erred by denying his motion to suppress evidence. In his sev-

enth point of error, appellant argues that even if his right to appeal the ruling on his motion to suppress has been waived, jurisdictional error occurred when he entered a guilty plea involuntarily based on his expectation that he would be entitled to appeal the trial court's denial of his motion. We hold that this court has no jurisdiction to address appellant's points of error one through six pertaining to the trial court's ruling on his motion to suppress evidence. Because we also find that appellant's guilty plea was voluntarily and knowingly entered, we overrule point of error seven as well.

■ Texas Rule of Appellate Procedure 40(b)(1) governs our disposition of this case. We are faced with an appellant who was convicted on a negotiated plea and whose punishment was assessed in accordance with the terms agreed to by the prosecutor and appellant. To invoke the jurisdiction of this court, appellant filed a general notice of appeal. However, such notice restricts our authority to address certain types of alleged trial court errors. A defendant's general notice of appeal confers no jurisdiction on a reviewing court to address nonjurisdictional errors that occur before or after entry of a plea; the notice of appeal has to comply with the applicable provisions of the "but" clause[1] of Rule 40(b)(1) to confer jurisdiction on a reviewing court to address this type of error. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). In other words, in order for the Court of Appeals to have jurisdiction to address a nonjurisdictional error, the appellant must specifically state in his notice of appeal "that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial." Tex.R.App. P. 40(b)(1). Jurisdictional errors will be addressed on the merits without the

---

1. This particular clause states:

    Appeal is perfected in a criminal case by giving timely notice of appeal; ... Such notice shall be sufficient if it shows the desire of the defendant to appeal ...; *but if the judgment was rendered upon his plea of guilty or nolo contendere ... and the punishment does not exceed the punishment recommended by the prosecutor and*

    *agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.* Tex.R.App. P. 40(b)(1) (emphasis added).

need for any specific words in the notice of appeal.

■ In this case, appellant filed a "general" notice of appeal which failed to set out the rule's required information. Since the trial court's ruling on a motion to suppress is a nonjurisdictional matter, this general notice is insufficient to confer jurisdiction on this court to address the trial court's allegedly erroneous ruling on appellant's motion to suppress evidence. *Lyon*, 872 S.W.2d at 735.

In an effort to avoid the clear application of Rule 40(b)(1), appellant urges this court to follow *Riley v. State*, in which the court held that when substantial compliance with the rule is shown, nonjurisdictional errors may still be appealed. 825 S.W.2d 699, 701 (Tex. Crim.App.1992). In *Riley*, the court found that an order drafted by the trial court and timely filed in the appellate record would cure a defective notice of appeal where the order specifically met all the requirements of Rule 40(b)(1). *Id.* Appellant's substantial compliance argument fails because in this case no such order exists, and no other document in the record meets the requirements of the rule.[2] *Compare Gatlin v. State*, 863 S.W.2d 236, 238 (Tex.App.—Houston [14th Dist.] 1993, no pet.) (holding that reviewing court could not address appellant's error related to trial court's ruling on motion to suppress where record contained only general notice of appeal and no other document which substantially complied with Rule 40(b)(1)). Therefore, we overrule appellant's first six points of error because they address the merits of his motion to suppress, a nonjurisdictional issue that has not been adequately preserved in accordance with the Texas Rules of Appellate Procedure due to appellant's defective notice of appeal.

■ In his seventh point of error, appellant contends that if Rule 40(b)(1) prevents appellate review of issues related to his pretrial motion, then his guilty plea was jurisdic-

tionally defective. Citing *Shallhorn v. State*, appellant contends that his plea was not knowingly and voluntarily made because he entered it based on the understanding that he was preserving his right to full appellate review of the merits of his pretrial motion to suppress. 732 S.W.2d 636 (Tex.Crim.App. 1987). In *Shallhorn* the defendant had entered a plea *without an agreed recommendation*. *Id.* at 637. When there is no agreed recommendation, the *Helms* rule applies, prohibiting the defendant from appealing all nonjurisdictional defects. *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972). Thus, because no right of appeal exists at the time the plea was taken, a mistaken indication by the trial judge that the defendant would be able to appeal may be found to result in the defendant entering an involuntary or unknowing plea in reliance on the erroneous belief that appeal would be available to him. *Shallhorn*, 732 S.W.2d at 637. Based on this reasoning, the *Shallhorn* court affirmed the intermediate court's decision reversing appellant's conviction due to the entry of an involuntary plea.

■ In contrast, in this case, where there is an agreed recommendation as to sentencing, the *Helms* rule is superseded by the limited right of appeal available under Rule 40(b)(1). This right exists at the moment the defendant enters his plea. *McLish v. State*, 916 S.W.2d 27, 29 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). Thus, statements in the record indicating that at that time the trial court, defendant, and prosecutor all assumed that the defendant could appeal were neither erroneous nor misleading, and a plea entered in reliance on such statements is both knowing and voluntary. *Id.* Nevertheless, in this case appellant lost his right to appeal *post-plea* by failing, pursuant to Rule 40(b)(1), to simply state on the notice of appeal that he was appealing matters raised by a written motion that was ruled on before trial, or that the trial court granted permis-

---

**2.** Appellant argues that the trial court's written admonishments administered at the time his plea was entered qualify as such a document. The only relevant admonishment merely states the general rule that in order to appeal, the defendant must obtain the permission of the trial court or allege errors raised by written motion filed prior to trial. The admonishments are required by Tex.Code Crim. Proc. art. 26.13(a)(3) and merely reflect the requirements of Rule 40(b)(1). Nowhere on the face of the admonishment form is it specifically noted that one of these two criteria has been met in this particular case as required by Rule 40(b)(1).

sion to appeal. His own subsequent error does not serve to retroactively render his previously voluntary plea involuntary. *Id;* *Hahn v. State,* 852 S.W.2d 627 (Tex.App.— Houston [14th Dist.] 1993, pet. ref'd).

Accordingly, we overrule appellant's point of error seven. The judgment of the trial court is affirmed.