TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00562-CR






Darren Phillips, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0936141, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







 Appellant Darren Phillips was convicted of the offense of attempted aggravated sexual
assault of a child. See Tex. Penal Code Ann. § 22.021 (West Supp. 1997). The trial court assessed
appellant's punishment at imprisonment for ten years. Imposition of sentence was suspended and appellant
was placed on community supervision. Appellant asserts that the "trial court erred in ordering appellant
to register as a sexual offender because registration is an ex post facto penalty prohibited" by federal and
state constitutional provisions. The State urges that we dismiss the appeal because we do not have
jurisdiction. We agree; we do not have jurisdiction of this appeal.

 Appellant entered a guilty plea pursuant to a plea bargain agreement. The punishment
assessed by the trial court does not exceed the punishment recommended by the State and agreed to by
appellant and his attorney. Therefore, appellant's right to appeal is limited and controlled by the Rules of
Appellate Procedure.


. . . [I]f the judgment was rendered upon his pleas of guilty or nolo contendere pursuant
to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not
exceed the punishment recommended by the prosecutor and agreed to by the defendant
and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that
occurred prior to entry of the plea the notice shall state that the trial court granted
permission to appeal or shall specify that those matters were raised by written motion and
ruled on before trial . . .

Tex. R. App. P. 40(b)(1). (In effect when notice of appeal filed; now See Tex. R. App. P. 25.2(b)(3)).

 We quote the substance of appellant's notice of appeal:


 Defendant Darren Phillips plead guilty to the offense of attempted aggravated sexual assault
of a child. The punishment assessed by the Court, recommended by the District Attorney and
agreed to by Defendant Phillips and his attorney included a ten (10) year period of probation. On
July 29th, 1996, Defendant Phillips was sentenced. The Court imposed a condition of probation
which has not been recommended by the district attorney, nor agreed to by Defendant Phillips and
his attorney. This condition of probation required Defendant Phillips to register as a sexual
offender. Tex. Rev. Civ. St. Art. 6252-13c.1. This condition is unconstitutional as applied to
Defendant Phillips. Accordingly, Defendant Phillips hereby gives notice of his intention to appeal
to the Court of Appeals for the Third Judicial District of Texas, sitting in Austin, Texas.



 Appellant's notice of appeal does not state that the trial court granted permission for him
to appeal, and it does not specify any matter raised by written motion ruled on before trial. The
requirements of Rule 40 (b)(1) have not been met. We do not have jurisdiction of this appeal. See Rhem
v. State, 873 S.W.2d 383, 384 (Tex. Crim. App. 1994); Payne v. State, 931 S.W.2d 56, 57 (Tex.
App.--Houston [14th Dist.] 1996, pet. ref'd); Solis v. State, 890 S.W.2d 518, 520 (Tex. App.--Dallas
1994, no pet.).

 Appellant argues that Rule 40(b)(1) by its terms is simply inapposite, because the
objectionable condition of community supervision requiring appellant to register as a sexual offender was
imposed after appellant entered his guilty plea. Appellant is incorrect; Rule 40(b)(1) does apply. The
Court of Criminal Appeals has interpreted Rule 40(b)(1) to apply to matters occurring both before and
after a defendant enters a guilty plea. Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994). 
Other than jurisdictional issues, "Rule 40(b) (1) requires a defendant in an appeal from a plea bargain
conviction, to obtain the trial court's permission to appeal any matters in the case except for those matters
raised by written motion and ruled on before trial." Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim.
App. 1994); Rhem v. State, 873 S.W.2d at 384.

 If appellant's contention is that the condition of community supervision requiring him to
register as a sexual offender must be recommended by the State and agreed to by appellant and his
attorney, we do not agree. We note that at the time this condition was imposed, appellant did not urge that
the imposition of the condition breached the plea bargain agreement or request to withdraw his plea. 
Appellant wants the advantage of his plea bargain, but wants it enforced without the registration condition. 
The community supervision condition requiring appellant to register as a sexual offender is a statutory
condition. Since 1991, trial courts have been expressly authorized to require registration as a condition of
community supervision in cases involving a reportable conviction or adjudication. Act of May 26, 1991,
72d Leg., R.S., ch. 572, § 2, 1991, Tex. Gen. Laws 2029, 2030-31 (Tex. Code Crim. Proc. Ann. art.
42.12, § 11(a)(16), since amended). In 1995, registration was made a mandatory condition of supervision. 
See Tex. Code Crim Proc. Ann. art. 42.12, § 11(e) (West Supp. 1997). Appellant was granted
community supervision on July 29, 1996. The purpose of the statutory condition requiring registration of
sexual offenders is not punitive. Registration serves the legitimate purposes of rehabilitating the offender
and, more importantly protecting the public. 

 Recently, this Court considered an appeal that included a contention similar to that of the
appellant in this appeal. See Perez v. State, 938 S.W.2d 761 (Tex. App.--Austin 1997, pet. ref'd). That
appeal was dismissed for want of jurisdiction, because notice of appeal had been given untimely. However,
even though the court held the appeal was not properly before it, the court discussed and found without
merit Perez's points of error. This Court's discussion in part III of the Perez opinion concerning Perez's
ex post facto contention is applicable to appellant's ex post facto contention in this appeal. Perez v. State
938 S.W.2d at 763-64.

 We dismiss this appeal for want of jurisdiction.



 Carl E .F. Dally, Justice

Before Chief Justice Carroll, Justices Aboussie and Dally*

Dismissed for Want of Jurisdiction

Filed: September 11, 1997

Do Not Publish











* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



ents of Rule 40 (b)(1) have not been met. We do not have jurisdiction of this appeal. See Rhem
v. State, 873 S.W.2d 383, 384 (Tex. Crim. App. 1994); Payne v. State, 931 S.W.2d 56, 57 (Tex.
App.--Houston [14th Dist.] 1996, pet. ref'd); Solis v. State, 890 S.W.2d 518, 520 (Tex. App.--Dallas
1994, no pet.).

 Appellant argues that Rule 40(b)(1) by its terms is simply inapposite, beca