Affirmed and Opinion Filed July 2, 1998





In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-96-01989-CR

## PATRICK DEON HOWARD, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court Number Four
of Dallas County, Texas
Trial Court Cause No. F96-17436-MK

# OPINION PER CURIAM

Before Justices Kinkeade, Whittington, and James

Patrick Deon Howard was charged by indictment with the attempted capital murder

of Aaron E. Barnes, a Cedar Hill police officer. Appellant entered a plea of guilty to the

charged offense in exchange for a recommendation by the prosecutor that appellant be

sentenced to twenty-five years' imprisonment and a $500.00 fine and that his sentence run

concurrently with his sentence in another case. The trial judge accepted appellant's plea of

guilty and followed the plea agreement. The judgment was entered on November 14, 1996,

JUL 0 6 1998

and contains a deadly weapon finding.

Appellant's attorney filed a brief in which he concludes that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant that he has a right to file a pro se response, but appellant did not file a pro se response.

The State maintains that this Court lacks jurisdiction to consider this appeal under rule 40(b)(1) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 40(b)(1) (former rules).[1] Rule 40(b)(1) requires that a defendant, appealing from a plea-bargained conviction, file a notice of appeal stating that the trial court granted permission to appeal or that the appellant raised the matters appealed by written motion, which was ruled on by the trial court before trial. If appellant's notice of appeal does not meet the requirements of rule 40(b)(1), then it is a general notice of appeal. A general notice of appeal does not confer jurisdiction on a court of appeals to consider nonjurisdictional defects or errors occurring before or after the entry of a negotiated plea. *Lyon v. State*, 872 S.W.2d 732, 736

---

[1] Effective September 1, 1997, when a defendant enters his plea of guilty or nolo contendere under article 1.15 of the Texas Code of Criminal Procedure and the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must specify that: (A) the appeal is for a jurisdictional defect; B) the substance of the appeal was raised by written motion and ruled on before trial; or C) the trial court granted permission to appeal. TEX. R. APP. P. 25.2(b)(3). We apply the revised rules to all pending proceedings unless our applying the revised rules in a particular proceeding would not be feasible or would work injustice, in which case we may apply the former rules. Here, appellant filed his notice of appeal before the effective date of the new rules of appellate procedure. Because it would not to be feasible to require appellant to comply with the new rule, we apply former rule 40(b)(1).

(Tex. Crim. App.), *cert. denied*, 114 S. Ct. 2684 (1994); *Davis v. State*, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994).

In the this case, appellant filed an amended request for permission to appeal on December 9, 1996, and the request contains on order signed by the trial court granting appellant permission to appeal. Although appellant subsequently filed two timely notices of appeal, neither notice of appeal states that appellant was given permission to appeal. Nevertheless, because the order granting permission to appeal is contained in the transcript, appellant's notices of appeal substantially comply with rule 40(b)(1), and this Court has jurisdiction over this case. *See Riley v. State*, 825 S.W.2d 699, 701 (Tex. Crim. App. 1992); *see also Davis*, 870 S.W.2d at 47.

We have reviewed the record and counsel's brief. We agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

We affirm the trial court's judgment.

PER CURIAM

Do Not Publish
Tex. R. App. P. 47
961989F.U05





## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PATRICK DEON HOWARD, Appellant

No. 05-96-01989-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court Number Four of Dallas County, Texas. (Tr.Ct.No. F96-17436-MK).
Opinion delivered per curiam by Justices Kinkeade, Whittington, and James.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 2, 1998.

_____
MARK WHITTINGTON
JUSTICE

JUL 0 6 1998