Augustine RAMIREZ, Appellant,

v.

The STATE of Texas, State.

No. 2–00–378–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 21, 2001.

Scott Brown, Fort Worth, for appellant.

Tim Curry, Tarrant Co. District Attorney; Charles M. Mallin, Ass't District Attorney, Fort Worth, for appellee.

Panel D: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

GARDNER, Justice.

### I. INTRODUCTION

Augustine Ramirez attempts to appeal his conviction for aggravated sexual assault of a child under fourteen years of age. On November 22, 2000, we issued a memorandum opinion and judgment dismissing Appellant's appeal for want of jurisdiction. Appellant has filed a petition for

discretionary review in the court of criminal appeals. Pursuant to rule 50 of the Texas Rules of Appellate Procedure, we withdraw our judgment and memorandum opinion dismissing the appeal and substitute the following modified opinion ordering continuation of the appeal. TEX.R.APP. P. 50.

## II. PROCEDURAL BACKGROUND

Appellant was indicted for aggravated sexual assault of a child under fourteen years of age. Pursuant to a plea bargain, Appellant pleaded guilty and was sentenced to forty years' confinement by the 372nd District Court of Tarrant County, Texas. The trial court did not grant permission to appeal. Nevertheless, Appellant timely filed a pro se general notice of appeal.

Appellant's trial counsel filed a motion to withdraw in this court. We granted the motion, abated the appeal, and remanded for a hearing as to whether Appellant desired to be represented by counsel and whether he was indigent and entitled to appointed counsel. For purposes of the abatement hearing, if the trial court determined that Appellant was indigent and entitled to appointed counsel, the trial court could further appoint counsel or admonish Appellant in the event he desired self-representation.

At the abatement hearing, the trial court determined that Appellant was indigent and that Appellant desired representation by counsel and then appointed substitute counsel for Appellant on appeal.[1] During the hearing, a copy of a birth certificate purporting to be Appellant's was produced by a member of his family. The trial judge explained for the record that the document was brought from the clerk's office where it had been on file as an attachment to Appellant's notice of appeal. The birth certificate showed Appellant's birth date as 1982, rather than 1979 as reflected in other documents in the clerk's file. The trial judge included the document in the clerk's file, but again denied permission to appeal.

Upon receipt of the clerk's record, we advised Appellant's new counsel by letter that because the record revealed Appellant had pleaded guilty under a plea bargain agreement, his general notice of appeal failed to conform to the notice requirements of rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. TEX.R.APP. P. 25.2(b)(3). We requested Appellant's new counsel to identify any issues or points to be raised on appeal and to explain why those issues or points warranted continuation of the appeal.

Appellant's new counsel responded by letter, pointing out that although the birth certificate contained in the record is in Spanish, it appears to show Appellant's birth date as February 1, 1982. Based on that information, Appellant would have been fifteen years old on the date of the offense alleged in the indictment, placing exclusive, original jurisdiction in the juvenile court. Consequently, the 372nd District Court would have lacked jurisdiction over Appellant's case. Contemporaneously with his letter, Appellant's new counsel filed an amended notice of appeal alleging that the appeal is "based upon a jurisdictional defect."

In an unpublished opinion, we dismissed Appellant's appeal for want of jurisdiction

---

1. At the inception of the abatement hearing, the trial court stated that, from informal conversation with Appellant, it had determined that Appellant could carry on some conversation in English but that he had indicated not understanding things that had gone on in the original court proceedings. For that reason, the court furnished a sworn interpreter to assist Appellant in understanding the abatement proceedings.

on the grounds that, under the recent decision of the court of criminal appeals in *State v. Riewe,* Appellant's original notice of appeal failed to confer jurisdiction on the court, and that any amendments to the notice made pursuant to rule 25.2(d) after the deadline for perfecting his appeal could not retroactively give the court jurisdiction. 13 S.W.3d 408, 412–14 (Tex.Crim. App.2000). We withdraw our judgment and memorandum opinion dismissing his appeal and substitute this opinion in its place because, on further consideration, we conclude that Appellant's original notice of appeal conferred jurisdiction on this court to review his complaints regarding lack of jurisdiction of the trial court because a birth certificate purporting to show Appellant's age is attached to the notice; therefore, the notice of appeal substantially complies with the requirements of rule 25.2(b)(3).

### III. Law and Analysis

Rule 25.2, governing perfection of an appeal in a criminal case, provides in relevant part as follows:

**25.2 Criminal Cases**

(a) *Perfection of Appeal.* In a criminal case, appeal is perfected by timely filing a notice of appeal. In a death-penalty case, however, it is unnecessary to file a notice of appeal.

(b) *Form and Sufficiency of Notice.*

(1) Notice must be given in writing and filed with the court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, *the notice must:*

(A) *specify that the appeal is for a jurisdictional defect;*

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

. . . .

(d) *Amending the Notice. An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed.* The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

Tex.R.App. P. 25.2 (emphasis added).

· ■ In *State v. Riewe,* the court of criminal appeals held that the State, as appellant, did not invoke the jurisdiction of the court of appeals by its original notice of appeal, because it did not contain two statutorily required certifications that (1) the appeal was not taken for delay and (2) that the evidence suppressed by the trial court was of "substantial importance" in the case. 13 S.W.3d at 411–13.[2] The

---

**2.** Where the State is the appellant, both certifications are required by article 44.01 of the Texas Code of Criminal Procedure. Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp.

2001); *Riewe,* 13 S.W.3d at 411–14. Compliance by the State with article 44.01 is also expressly required and referenced by current

court further held that, because the original notice did not confer jurisdiction on the court of appeals, an amended notice of appeal filed by the State, which did contain the previously omitted certifications, could not retroactively confer jurisdiction. *Id.* at 413. Observing that, under the former rules as interpreted by the court,[3] jurisdiction could not be retroactively obtained, the court stated: once jurisdiction is lost, "it [is] lost forever." *Id.* In dicta, however, the court suggested that, had the State furnished the required certification by separate letter, the court of appeals' jurisdiction may have attached under *Riley v. State,* 825 S.W.2d 699, 701 (Tex.Crim.App. 1992). *Id.* at 411.

In *Riley,* after her motion to suppress evidence was denied, Appellant pleaded guilty to unlawful possession of cocaine and unlawful possession of amphetamine. *Id.* at 699–700. The trial judge assessed punishment in accordance with the plea bargain. *Id.* The court of appeals reversed the convictions and ordered acquittals after determining that the pleas had lacked probable cause to arrest Appellant. *Id.*

The court of criminal appeals granted the State's petition for discretionary review in *Riley* to decide whether Appellant's general notice of appeal was sufficient to have invoked the jurisdiction of the court of appeals to consider Appellant's complaint. *Id.* at 700. Appellant's notice did not contain a statement that the trial court granted permission to appeal, or that the matters appealed were raised by written motion and ruled on before trial as required by former rule 40(b)(1).[4] *Id.* However, included in the record was an order signed by the trial judge entitled "Order Limiting Defendant's Appeal." *Id.* at 701. The order recited that Appellant was assessed punishment in accordance with a plea bargain, that the trial court allowed appeal pursuant to article 44.02, and that a motion to suppress challenging the legality of the arrest was raised before trial. *Id.* Under these facts, the court of criminal appeals held that even though the notice of appeal did not incorporate the order, "appellant's notice of appeal coupled with the court's order substantially complied with rule 40(b)(1)." *Id.*

Applying the rationale of *Riley* to the particular facts of this case, we believe Appellant's original notice of appeal was in substantial compliance with rule 25.2(b)(3), by virtue of the copy of the Mexican birth certificate attached to the notice of appeal, showing a birth date which would place exclusive jurisdiction in the juvenile court.[5] *See id.* (holding gener-

---

appellate rule 25.2(b)(2). Tex.R.App. P. 25.2(b)(2).

**3.** Prior to adoption of new rule 25.2(d) permitting amendment of a notice of appeal, the court of criminal appeals held that former rule 83 of the Texas Rules of Appellate Procedure, which generally provided for cure of defects and omissions, did not apply to cure a "general" notice of appeal filed by a defendant, which did not comply with former rule 40(b)(1). Tex R.App. P. 40(b)(1), 83 (Vernon Pamph.1997, revised 1997) (707–708 S.W.2d LII & LXXXI (Texas Cases)); *Jones v. State,* 796 S.W.2d 183, 187 (Tex.Crim.App.1990). The court in *Riewe* held that the promulgation of current rule 25.2(d) of the 1997 rules did

not alter its previous holdings, even though the pertinent language allowing out-of-time amendment is contained within rule 25.2, itself, in contrast to former rule 83 which had stood as a separate rule. 13 S.W.3d at 413.

**4.** Tex.R.App. P. 40(b)(1).

**5.** The juvenile court has exclusive, original jurisdiction over all proceedings involving a defendant who was between the ages of ten and seventeen when the alleged offense was committed. Tex. Fam.Code Ann. § 51.02(2) (Vernon 1996 & Supp.2001), § 51.04(a) (Vernon 1996 & Supp.2001). A criminal district court obtains jurisdiction over a juvenile be-

al notice of appeal sufficient where order limiting appeal to motion to suppress appeared in record); *see also Gomes v. State*, 9 S.W.3d 170, 172 (Tex.App.—Houston [14th Dist.] 1999, no pet.) (holding general notice of appeal sufficient where handwritten notation at top of notice and docket entry indicated notice based on motion to suppress); *accord Davis*, 870 S.W.2d at 47 (noting record contained no order or other document which, combined with notice of appeal, substantially complied with former rule 40(b)(1), citing *Riley*, 825 S.W.2d at 700–01).

### IV. CONCLUSION

We hold that our jurisdiction was invoked by the timely filing of Appellant's original notice of appeal, because Appellant substantially complied with rule 25.2(b)(3) by attaching the copy of his birth certificate to that notice of appeal. We further hold that because Appellant's original notice of appeal conferred jurisdiction on this court, Appellant was permitted to amend without leave of court before Appellant's brief is filed. TEX.R.APP. P. 25.2(d). Therefore, we withdraw our judgment and opinion dismissing the appeal for want of jurisdiction and order that the appeal proceed with briefing and submission.

tween the ages of fifteen and seventeen only if the juvenile court waives jurisdiction, properly certifies its action, and transfers the case to the district court. *See In re N.J.A.*, 997 S.W.2d 554, 555 (Tex.1999); *see also Ex parte Trahan*, 591 S.W.2d 837, 841 (Tex.Crim.App. 1979) (holding that such waiver and transfer are essential to the district court's jurisdiction); *Whytus v. State*, 624 S.W.2d 290, 291 (Tex.App.—Dallas 1981, no pet.) (same). Indeed, the juvenile court retains exclusive jurisdiction over a juvenile regarding an offense committed between the ages of fourteen and seventeen, even though its jurisdiction then is limited to dismissing or transferring the case if all criteria are satisfied. TEX. FAM.CODE ANN. § 54.02(j) (Vernon 1996 & Supp.2001); *In re N.J.A.*, 997 S.W.2d at 556.