NO. 07-00-0498-CR

NO. 07-00-0499-CR

NO. 07-00-0500-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 31, 2001

______________________________

LONZELL WILLIAMS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 230
TH
 DISTRICT COURT OF HARRIS COUNTY;

NOS. 836903, 836904, 8366905; HONORABLE BELINDA HILL, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In these companion cases, appellant Lonzell Williams, Jr. appeals his convictions, after a guilty plea, of felony theft and fraudulent possession of identifying information.  As the result of  a plea bargain, his punishment was assessed at 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice.

In each case, appellant’s appointed counsel has filed an 
Anders
(footnote: 1) brief representing to us that, in counsel’s opinion, the appeals are without merit.  She posits that appellant’s one possible point of contention is that his plea of guilty was not voluntary, but she also analyzes the record and concludes no error exists.  With her brief, she has filed a motion seeking to be relieved from representing appellant.  Appellant has also filed a pro se brief in which he seeks to challenge the voluntariness of his plea and claims his appointed counsel provided ineffective assistance, which resulted in his involuntary plea.

In each of the cases, appellant executed written instruments in which he waived his right to trial by jury and acknowledged a plea bargain in which the State would recommend a sentence of 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  In those instruments, he also acknowledged that if the trial court accepted the plea bargain, “the [Trial] Court must give its permission to you before you may prosecute an appeal on any matter in this case except for those matters raised by you by written motion filed prior to trial.”  The trial court sentenced appellant in accordance with the terms of the plea bargain agreement.  At the hearing of these cases, appellant was also admonished orally that he could not appeal without the permission of the court except as to matters raised by written motions filed prior to trial. The record does not show that appellant filed written motions prior to the trial.  Thus, appellant’s issue in these appeals is whether his guilty plea was knowing and voluntary.

Rule of Appellate Procedure 25.2 (b) provides:

(b) 
Form and sufficiency of notice
.

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party’s desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with the Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant’s plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written notice and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

Appellant has not met any of the requirements of Rule 25.2(b).  In the recent case of 
Cooper v. State
, 45 S.W.3d 77 (Tex.Crim.App. 2001), overruling previous decisions of most of the courts of appeal, the high court held that in a case such as those before us, a plea bargaining defendant may not, on direct appeal, challenge the voluntariness of a guilty plea.  
Id.
 at 83. 

En route to that decision, the court noted:

. . . most cases of involuntary pleas result from circumstances that existed outside the record, such as misunderstandings, erroneous information, impaired judgment, ineffective assistance of counsel, and plea-bargains that were not followed or turn out to be impossible of performance.

Id.
 at 82.  The court went on to instruct that meritorious claims of involuntary pleas may be raised by other procedures such as 
habeas corpus
, which “are superior to appeal in that the claim may be supported by information from sources broader than the appellate record.”  
Id.
(footnote: 2)
 As is our duty, we have diligently searched the record to determine if there are other arguable issues to be decided on appeal and have found none.  In considering requests to withdraw such as those presented here, we face two interrelated tasks.  We must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client’s appeal.  We must then decide if counsel has correctly concluded the appeal is frivolous.  
 See McCoy v. Court of Appeals of Wisconsin
, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

For reasons we have expressed, no reversible error has been shown and counsel was correct in concluding the appeals are frivolous.  Accordingly, appellate counsel’s motions to withdraw are granted and, because we have no jurisdiction to consider them,  the appeals are dismissed.

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2:
Appellant’s pro se brief also seems to present an issue of ineffective assistance of counsel.  This is a nonjurisdictional issue which we may not consider.  
Waller v. State
, 931 S.W.2d 640, 643 (Tex.App.–Dallas 1996, no pet.); 
Renfroe v. State
, 864 S.W.2d 177, 179 (Tex.App.–Amarillo 1993, no pet.).