Reversed and Remanded and Memorandum Opinion on Remand filed January 27,
2004









 

Reversed and Remanded and Memorandum Opinion on Remand
filed January 27, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00128-CR

____________

 

ROBERT JUSTIN KAUPP, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 803,792

 



 

M E M O R A N D U M  
O P I N I O N   ON   R E M A N D








Appellant Robert Justin Kaupp was
convicted by a jury of murder and sentenced to 
fifty-years= confinement.  On original submission, appellant complained
that the trial court erred in (1) denying his motion to suppress and admitting
his confession into evidence; and (2) overruling his objections to what he
claims was improper jury argument by the State. 
Finding no error, we affirmed the judgment of the trial court.  On petition for discretionary review, the
Supreme Court of the United States determined that appellant was illegally
arrested and that the confession should have not been admitted into evidence at
trial.  See Kaupp
v. State, 538 U.S. 626, 123 S.Ct. 1843, 1847-48
(2003).  It vacated our June 7, 2001
opinion and remanded the case to this court for proceedings consistent with its
opinion.[1]  Id. at 1848.  We now reverse the trial court=s judgment and remand this
matter for a new trial.

Fourteen‑year‑old Destiny Thetford,
the complainant, disappeared on January 13, 1999.  In the course of its investigation, the
Harris County Sheriff=s Department learned that
Nicholas Thetford, the complainant=s 19‑year‑old half‑brother,
had a sexual relationship with the complainant, and that Thetford
and appellant were together on the day the complainant disappeared.  On January 26, both Thetford
and appellant came to the sheriff=s department offices.  Appellant was cooperative and allowed to
leave; Thetford, however, was interviewed at length
and given a polygraph examination, which he failed (his third such
failure).  Thetford
eventually admitted to stabbing the complainant and placing her body in a
drainage ditch.  Additionally, Thetford implicated appellant as having participated in the
stabbing and hiding of the complainant=s body.








Immediately after obtaining a written statement from Thetford, detectives attempted, but were unable to, obtain
a warrant for appellant=s arrest.  Detective Gregory Pinkins
testified that he nevertheless decided to Aget [appellant] in and confront
him with what Thetford had said.@  Pinkins testified
that he, two other plain clothes detectives, and three uniformed officers went
to appellant=s home, where they arrived
between 2:00 and 3:00 in the morning of January 27.  Pinkins knocked on
the front door, and appellant=s father answered and led Pinkins, Detective Larry Davis, and two of the officers to
appellant=s bedroom.  Using his flashlight, Pinkins
found appellant lying on a mattress on the floor.  According to Pinkins
and Davis, Pinkins identified himself to appellant
and told him that Awe need to go and talk,@ to which appellant responded AOkay.@  The two officers then went into the room and
handcuffed appellant.  Appellant was
escorted from the house in his boxer shorts and a T‑shirt and placed into
a patrol car.

Sometime after appellant was placed in the patrol car, the
detectives learned that the complainant=s body had been found.  Appellant was taken directly from his home to
the scene where the body was located. 
According to Pinkins, this was done to let
appellant know that Thetford had given them the
information to locate the body.  They
stayed at this location for approximately five to ten minutes before proceeding
to the sheriff=s department.  Appellant was eventually transported to the
Lockwood Substation, where he was taken to an interview room and his handcuffs
were removed.  Appellant initially denied
any involvement in the complainant=s disappearance, but later
admitted that he was involved, although he never admitted to causing any fatal
wound or actually confessed to the offense of murder.  Appellant=s statement was accepted, typed
up, and given to appellant to read. Appellant acknowledged his rights on the
statement, initialed that he understood and wished to waive the same, and
signed the statement.

On original submission, appellant contended (1) his
confession was the result of an illegal arrest, and therefore should not have
been admitted into evidence; (2) his confession was inadmissible because it was
obtained in violation of a state statute regarding enticement of a minor child;
and (3) the State=s jury argument improperly
speculated on matters that were not introduced into evidence.  This court held (1) the trial court did not
err in concluding that appellant had not been arrested before he admitted his
involvement in the complainant=s death; (2) appellant did not
preserve error with regard to his contention the trial court erred in admitting
his confession into evidence because it was obtained after law enforcement
officers took appellant from his parent=s possession in violation of
section 25.04 of the Penal Code; and (3) the challenged jury argument was in
response to and invited by opposing counsel and thus did not constitute
reversible error, even though it referred to matters not in evidence.  The Court of Criminal Appeals denied
appellant=s petition for discretionary
review.








The Supreme Court of the United States granted review and
reversed this court, finding that appellant=s confession was the product of
an illegal arrest.  Kaupp,
123 S.Ct. at 1847-48.  The Court found that
appellant=s response of AOkay@ did not show consent under the
circumstances, noting that there is no reason to think appellant=s answer was anything more than
Aa mere submission to a claim of
lawful authority.@  Id. at 1847.  It also held that a reasonable person in
appellant=s position would not have
thought he was free to go home after the detectives began their
questioning.  Id.  Based on that holding, the Supreme Court
remanded to this court for proceedings consistent with its opinion.  Id. 


In response to the Supreme Court=s opinion, appellant filed a
Motion for Amendment of Appellate Opinion and for Release of Appellant,
requesting that we reverse the judgment of the trial court and dismiss the prosecution.  In the alternative, appellant seeks reversal
of the judgment, remand for a new trial, and release on an appropriate
appearance bond.  The State concedes it
is unable to point to any intervening circumstances that would have the effect
of attenuating the taint of appellant=s illegal arrest and thus
admits the trial court=s error in admitting the
confession was harmful.  It requests the
case be remanded to the trial court for a new trial.








On original submission, appellant did not challenge the
sufficiency of the evidence or contend the accomplice testimony of Nicholas Thetford could not be corroborated without the
confession.  Rather, he complained that the
trial court erred in denying his motion to suppress and admitting his
confession into evidence.  He only sought
reversal of the conviction and a new trial. 
However, appellant now argues the case should be dismissed because,
after removing the effects of the confession from consideration, the evidence
is insufficient to support his conviction. 
We decline to address these new arguments, which were not briefed or
developed on original submission. 
Regardless, the admission of an involuntary confession is trial error
and the appropriate remedy for harmful trial error is a reversal of the
judgment and a remand of the case for a new trial.  See Riley v. State, 825 S.W.2d 699,
701 (Tex. Crim. App. 1992) (holding appellate court
erred in ordering the acquittal of appellant in response to finding the trial
court had admitted unlawfully seized evidence). 


Appellant also seeks release on appropriate appearance
bond.  Our authority to release appellant
on bond after reversing a conviction is conditional and is only to be exercised
in cases Apending final determination of
an appeal by the state or the defendant on a motion for discretionary review.@  Tex.
Code Crim. Proc. Ann. art. 44.04(h) (Vernon Supp. 2002).  The State has said it will not file a motion
for rehearing or petition for discretionary review if we reverse the judgment
and remand the case for a new trial. 
Accordingly, there is no justification for this court to determine the
amount of bond at this time.  The matter
of reasonable bail pending retrial should be determined by the trial court.

We reverse the trial court=s judgment and remand this case
for a new trial.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 27, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 

 











[1]  The Court
noted that, unless on remand the State could point to a previously undisclosed
intervening event between the illegal arrest and appellant=s confessionCone that
would break the causal connection between the illegality and the confessionCthe confession must be suppressed.  Kaupp, 123 S.Ct.
at 1847-48.